[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert Tomczyk, brought this appeal from a decision of the Commissioner of Motor Vehicles suspending his motor vehicle license.
A review of the record reveals the following facts. Tomczyk was arrested for driving while intoxicated on March 30, 1990, by Officer Forsythe of the Hamden Police Department. The plaintiff does not dispute the hearing officer's findings that Tomczyk was operating the motor vehicle, that Forsythe had probable cause to arrest him, and that Tomczyk was arrested. Tomczyk was taken to police headquarters in Hamden.
Tomczyk agreed to take a breath test and blew into the intoximeter three times. However, the intoximeter did not register a reading. Forsythe testified at the hearing that Tomczyk "didn't blow enough for it to register on the machine." Tomczyk testified that "I was blowing it as hard as I could. I asked the officer, how could I be faking it?" In the post arrest section of the police report, Forsythe recorded that Tomczyk CT Page 4526 refused to take the breath exam. Tomcyzk's driver's license was revoked pursuant to Conn. Gen. Stat. 14-227b (1991) (the implied consent law), and he was issued a temporary license, which expired on May 4, 1990. The defendant, Lawrence F. DelPonte, Commissioner of Motor Vehicles, notified Tomczyk that his license was being suspended because he refused to take a chemical alcohol test. The plaintiff requested a hearing, which was held on April 24, 1990.
In a decision dated April 30, 1990, the hearing officer found that Tomczyk was operating the vehicle, the officer had probable cause to arrest, Tomczyk was arrested and Tomczyk refused to submit to "such [breath] test or analysis." The hearing officer suspended Tomczyk's driver's license for six months.
On May 22, 1990, Tomczyk filed an appeal of the hearing officer's decision pursuant to the Uniform Administrative Procedure Act, Conn. Gen. Stat. 4-183 (1991) [UAPA]. The court, Fracasse, J., granted a stay of the suspension pending the outcome of the appeal. Process was served on May 24, 1990 upon an associate state attorney general.
Aggrievement
The plaintiff's license was suspended by the defendant. The plaintiff is aggrieved by the decision of the defendant administrative agency within the meaning of 4-183 (a).
Standard of Review
Subsection (j) of the UAPA sets forth the standard of review which the Superior Court must apply to decisions of administrative agencies.
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5)_ clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. CT Page 4527
Conn. Gen. Stat. -183(j).
Plaintiff's Claims
In support of his appeal, Tomczyk argues that (1) the procedures pertaining to revoking his driver's license under the implied consent law were not complied with, rendering the revocation and suspension void because the statute is penal and its provisions must be strictly construed; and (2) the revocation and suspension are unlawful because Tomczyk did not refuse to take the breath test.
The defendant argues that substantial evidence in the record supports the hearing officer's findings of fact and conclusions of law.
I. Procedural Issues
The plaintiff argues that certain procedural prerequisites were not followed by the police when they deprived him of his driver's license under the implied consent statute which he claims is a penal statute that must be strictly construed. Specifically, he argues that there is no evidence in the record that the officer mailed a written report of the incident, a copy of the temporary license form, the operator's driver's license and a copy of the results of any chemical test to the CMV within three business days of the incident as set forth in 14-227b(c). He also asserts that the police report was not sworn to as required by 14-227b(c).
The plaintiff has not offered any evidence that these procedures were not complied with. Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17 (1973). A silent record does not satisfy the plaintiff's burden of proof. Grillo v. Zoning Board of Appeals, 4 Conn. App. 205, 207 (1985). See also Volck v. Muzio, 204 Conn. 507, 517 (1987) (14-227b's procedural requirements not intended to be prerequisite for suspension). Conceding that these requirements must be complied with strictly, the plaintiff has not met its burden of proving that they were not.
II. Refusal
The plaintiff claims that he did not refuse to take the breath test and that, therefore, his license should not have been suspended. The defendant argues that the determination that Tomczyk refused to take the test is factual and that, accordingly, the hearing officer's decision must be upheld.
Section 14-227b(c) provides, in relevant part: CT Page 4528
 If the person arrested refuses to submit to [a blood, breath or urine] test . . . the police officer, acting on behalf of the commissioner of motor vehicles, shall immediately revoke and take possession of the motor vehicle operator's license.
Subsection (d) provides in relevant part:
 Upon receipt of such report, the commissioner of motor vehicles shall suspend any license . . . of such person.
The implied consent statute does not define "refuse", although a DMV regulation promulgated under the statute provides:
 A person shall be deemed to have refused to submit to a chemical analysis if he remains silent or does not otherwise communicate his assent after being requested to take a blood, breath or urine test under circumstances where a response may reasonably be expected.
DMV Reg. 14-227b-5, Conn. L. J., March 20, 1990, p. 11c. However, the regulation does not purport to define "refuse" in all situations because it only defines "deemed" refusals.
"In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be; construed and understood accordingly." Conn. Gen. Stat. 1-1(a); Kilpatrick v. Board of Education, 206 Conn. 25, 28 (1988). The American Heritage Dictionary (Second College Ed.) defines "refuse" as "[t]o decline to do, accept, give, or allow." In distinguishing synonyms, "refuse" is appropriate to describe "a positive, unyielding, sometimes brusque decision not to act, accept, or do something."
The arresting officer, Officer Forsythe, testified at the hearing that Tomczyk never — in words — refused to take the test. Officer Forsythe also testified that Tomczyk blew into the breath machine three times. Officer Forsythe further testified that he recorded the lack of a test result as a refusal because "if a reading doesn't come up then it's not a test."
In a similar case, the court found that:
[t]he officer reached his own conclusion that CT Page 4529 the plaintiff was uncooperative and the officer construed this to be a refusal to take the test. This is not a factual conclusion that either the hearing officer or the court must accept . . . . The statute does not give the police or the hearing officer the authority to determine that a refusal to take the test within the meaning of the statute occurs when the driver consents to take the test and fails to perform it properly, for whatever reason, intentional or unintentional.
Dorman v. DelPonte, 41 Conn. Sup. 437, 440 (Fuller, J., September 21, 1990).
The record does not support the hearing officer's finding that Tomczyk refused to submit to the breath test because that finding was based on an erroneous interpretation of law, in that the "commonly approved usage" of "refuse" was not applied. The DMV, in its regulations, could have defined "refuse" to encompass the factual situation here. See Conn. Reg. 14-227b-5 (DMV defines deemed refusal). It is undisputed that Tomczyk said he would take the test, and that he, in fact, blew into the breath machine three times.
On the basis of the record, the court must conclude that the hearing officer's decision is incorrect as a matter of law because, absent a statutory definition, the hearing officer did not apply the commonly approved usage of the word refuse. As in Dorman, "[t]he defendant erroneously interpreted the statute by expanding it to include conduct that is not within its express terms." Dorman, 41 Conn. Sup. at 444. Accordingly, the plaintiff's appeal is sustained and the suspension is vacated.
BARRY R. SCHALLER, JUDGE