[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Erin Flynn [Flynn] appeals from the decision of the defendant Department of Motor Vehicles [DMV] suspending her driver's license for six months. The administrative record reveals the following facts. On May 19, 1990 at about 12:30 a.m., Flynn was involved in a two-car automobile accident. Officer David D'Ancicco [D'Ancicco] arrived at the scene and observed Flynn sitting in the driver's seat of one of the cars. D'Ancicco determined the Flynn was not injured and proceeded to record information about her. D'Ancicco noted the smell of alcohol on Flynn's breath and observed other indications that she had been drinking.
In response to a question, Flynn said that she had been drinking. D'Ancicco then asked her to perform certain roadside sobriety tests, which Flynn failed. D'Ancicco arrested Flynn CT Page 5355 for operating under the influence of alcohol. Another officer, Det. Kenneth McNamara [Mcnamara] took Flynn to police headquarters in North Branford.
McNamara advised Flynn of her rights, and she signed a form acknowledging that she was so advised. Flynn called her attorney, who was not available. Flynn testified at the hearing that, despite requests, she was not given the opportunity to speak to another attorney. Flynn testified that she said she would take the test but that she wanted to speak with her attorney first. Flynn's driver's license was confiscated on the ground that she refused to take the breath test, and she was given a temporary license.
By notice dated May 23, 1990, Flynn was informed of her right to request a hearing pursuant to Conn. Gen. Stat. 14-277b (1991). On May 30, 1990, the DMV notified Flynn of her hearing date. Hearing officer Gail Kotowski held a hearing on June 5, 1990, at which Flynn was represented by counsel. In a decision dated June 6, 1990, the hearing officer found that the police officer had probable cause to arrest Flynn, that she was arrested, that she ref used to submit to a chemical alcohol test and that she was operating the motor vehicle. The hearing officer ordered Flynn's driver's license suspended for six months.
Flynn's attorney petitioned the DMV to reconsider the hearing officer's decision pursuant to 14-181a of the Uniform Administrative Procedure Act [UAPA], arguing that the decision was factually and legally incorrect because Flynn was not given a reasonable opportunity to telephone an attorney before submitting to the chemical alcohol test. By notice dated June 20, 1990, the DMV notified Flynn to appear at a hearing on June 22, 1990. Hearing officer Hillary Bargar held a hearing on the scheduled day, and Flynn was again represented by counsel. In a decision dated June 23, 1990, the hearing officer found that the police officer had probable cause to arrest Flynn, that she was arrested, that she refused to submit to a chemical alcohol test and that she was operating the motor vehicle.
On June 27, 1990, Flynn filed the present appeal.
The UAPA allows an "aggrieved" person to appeal from a final decision of an agency. Conn. Gen. Stats. 4-183(a) (1991). A party must "demonstrate a specific personal and legal interest in the subject matter of the decision" and must "establish that this . . . interest has been specially and injuriously affected by the decision." State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300 (1987). The plaintiff is aggrieved by the decision of the defendant CT Page 5356 administrative agency within the meaning of 4-183 (a).
Service of the appeal was made upon the agency on July 2, 1990. The plaintiff received notice of the first decision on June 6, 1990, and received notice of the second decision on June 22, 1990. Service was made within the requisite 45-day period after notice of the decision is mailed or personally delivered. Conn. Gen. Stats. 4-183(c).
Subsection (j) of the UAPA sets forth the standard of review that the superior court applies to decisions of administrative agencies.
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Conn. Gen. Stats. 4-183(j).
Under the implied consent law, a person whose driver's license has been suspended may request a hearing to contest the suspension. Conn. Gen. Stats. 14-227b(d) (1991). The hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor. . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such [chemical alcohol] test or analysis. . .' (4) was such person operating the motor vehicle. CT Page 5357
Conn. Gen. Stats. 14-227b(f).
Under the implied consent law, a person whose driver's license has been suspended may request a hearing to contest the suspension. Conn. Gen. Stats. 14-227b(d) (1991). The hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor. . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such [chemical alcohol] test or analysis. . .; (4) was such person operating the motor vehicle.
Conn. Gen. Stats. 14-227b(f).
Two administrative hearings were held by two different hearing officers, each of whom rendered identical final decisions. Although the plaintiff requested a reconsideration of the first decision and labels the second hearing a "reconsideration hearing," it was in fact a full de novo hearing on the suspension of the plaintiff's license, pursuant to 13-227b(d). Because the plaintiff did not request a new hearing and because additional evidence adverse to the plaintiff was admitted at the second hearing, the court will only consider the record from the first decision in this appeal and consider the second decision as solely affirming the decision reached in the first hearing.
In support of her appeal, Flynn claims that the decision to suspend her license was arbitrary and capricious and that the implied consent law and its regulations are unconstitutional. Specifically, she claims that (1) the procedures pertaining to the license suspension were not complied with, rendering the suspension void because the implied consent statute is penal and its provisions must be strictly construed; (2) the decisions were based on inadmissible hearsay evidence: (3) the implied consent law violates constitutional due process guarantees; and (4) the reconsideration hearing did not cure the defects of the first hearing.
The DMV claims that the record supports the hearing officers' decisions and that Flynn's other claims are without merit.
Flynn claims that the implied consent statute is penal and CT Page 5358 therefore its procedures must be strictly construed. However, in Volck v. Muzio, 204 Conn. 507 (1987), the Supreme Court found the legislature's intent to be that "failure to comply precisely with the [procedural] requirements of subsection (b) should not prevent suspension of the license of a person, arrested with probable cause . . . who has refused to submit to the prescribed tests." Id. at 514. Additionally, the court found that "[t]he restriction of the license suspension hearing to the four issues contained in subsection (d) [now subsection (f)] indicates that compliance with subsection (c) was not intended to be a prerequisite for a suspension." Id. at 517. In Volck, the plaintiff argued that his suspension was erroneous because he refused to take the chemical alcohol test before he was arrested and because the officer's written report was not endorsed by a witness. Id. at 509-10.
Flynn claims that there is no evidence that the arresting officer prepared the report required by 14-227b(c) as set forth in regulation 14-227b-10. However, Officer D'Ancicco, the arresting officer, signed the report. "Public officials are presumed to have done their duty until the contrary appears." Leib v. Board of Examiners for Nursing, 177 Conn. 78, 83 (1979). A silent record does not satisfy the plaintiff's burden of proof. Grillo v. Zoning Board of Appeals, 4 Conn. App. 205, 207
(1985).
The plaintiff also claims that the police report is inadmissible evidence because it does not conform to 14-227b(c) as required by regulation 14-227b-19, in that the plaintiff's driver's license was not submitted with the report. Failure to comply with this directive does not render the license suspension void and is not a sufficient ground for sustaining the appeal. See Volck, 204 Conn. at 517; Lee, 2 CtLR at 374. Also, the hearing officer explicitly admitted the police report into evidence, finding that it complied with Conn. Reg.14-227b-19.
Additionally, the plaintiff claims that she was not afforded a reasonable opportunity to contact an attorney before taking the chemical alcohol test. The plaintiff testified that she called her attorney, who was out of the state. She then testified that she asked if she could try calling another attorney but that the police would not let her wait and told her that she "didn't have any more time." Based on the record, the plaintiff had a reasonable opportunity to contact an attorney. Additionally, giving the accused an opportunity to contact an attorney is among the preconditions of subsection (b), that the Supreme Court has held are not prerequisites to a license suspension. Volck, 204 Conn. at 514. CT Page 5359
The plaintiff claims that the police report relied on by the hearing officers is hearsay. Officer D'Ancicco was not present at the first hearing, but he did testify at the second hearing. However, the court will not consider his testimony from the second hearing for the reasons stated earlier.
Conn. Reg. 14-227b-19 provides: "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section14-227b(c) of the General Statutes." Subsection (c) requires in relevant part that after a refusal, the police officer shall revoke the operator's license, issue a temporary driver's license, prepare a written incident report, and mail the report with a copy of the temporary license and the revoked license to the DMV within three business days. Also the report must be made on a DMV-approved form, must be sworn to by the police officer who attempted to administer the alcohol test, and must be endorsed by a witness to the refusal. The report must include the officer's probable cause reasons and that the person refused to submit to a chemical alcohol test.
In Volck, the Supreme Court said the compliance with the procedures in subsection (c) was not a prerequisite to suspension of a driver's license. Volck, 204 Conn. 507, 517-18. Additionally, the hearing officer explicitly found the police report to be admissible pursuant to Conn. Reg. 14-227b-19.
Flynn claims that the implied consent law is unconstitutional because "it denies those accused of its violations of a fair, impartial and effective hearing." Specifically she asserts that the hearing officers' use of the police report denies her right to confront the witnesses against her. This argument is without merit because the plaintiff had the opportunity to summon the police officer to the hearing. Conn. Reg. 14-227b-19. Additionally, the plaintiff cross-examined the police officer at the reconsideration hearing.
She also claims that the hearing officers failed to state the facts relied upon to make their findings and that therefore this court cannot effectively review their decisions. The court has looked at the entire record that was present at the first hearing and the failure to state the reasons for the decision does not render the administrative decision arbitrary, capricious, erroneous or an abuse of discretion. See Conn. Gen. Stats. 4-183(j)(5) (court reviews whether agency decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); Dorman v. DelPonte,41 Conn. Sup. 437, 441 (1990). Cf. Gagnon v. Inland Wetlands and Watercourses Commission, 213 Conn. 604 (1990) (trial court CT Page 5360 must search entire administrative record notwithstanding agency's articulation of factual findings).
Flynn claims that the reconsideration hearing did not cure the defects of the first, requiring the court to sustain her appeal. There are no defects in the first hearing. The plaintiff's argument must fail.
The administrative record supports the decision of the first hearing officer, and the plaintiff's procedural and constitutional claims are without merit. The appeal is dismissed.
McKEEVER, JUDGE