[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed this appeal seeking judicial review of a decision of the Commissioner of Motor Vehicles which ordered the suspension of the plaintiff's driver's license under the administrative-license suspension provisions of Conn. Gen. Stat.14-227b.
The plaintiff claims that contrary to the finding of the hearing officer, she did not refuse to take a breath test, and that the low readings were not caused by her own actions, but were due to an upper respiratory infection.
The issue for review is whether the conclusion reached by the hearing officer is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Conn. Gen. Stat. 4-183g (5). The court does not retry the case or substitute its judgment for that of the agency on the weight of evidence or questions of fact. Madow v. Muzio, 176 Conn. 374,376 (1978). The credibility of witnesses is within the province of the administrative agency, and if there is evidence which reasonably supports the commissioner's decision, that decision must be upheld. Persico v. Maher, 191 Conn. 384, 409 (1983).
The plaintiff relies, in part, on Dorman v. Delpente [Delponte],41 Conn. Sup. 437 (1990). The defendant relies on Rivera v. Department of Motor Vehicles, No. 0054564 J.D. of Litchfield, February 28, 1991 (Pickett, J.), and Ayres v. Delpente [Delponte], No. 337059 J.D. of Hartford at New Britain, September 7, 1988 (Allen, J.).
In Dorman, the court found no evidence in the record to indicate the apparatus used was working properly and the hearing officer made no subordinate findings of fact. In light of these factors, the court found there was not substantial evidence to support the conclusions reached. CT Page 10638
Here, the evidence reveals that the machine was tested and working properly; that the plaintiff was given three opportunities; that the plaintiff blew slightly, twice after being told to blow long and steady; that five days after the arrest a physician indicated the plaintiff had an upper respiratory infection; that at the time of the test the plaintiff mentioned no physical problems; that the plaintiff had become unruly at times during the arrest procedures; that the police officer concluded it was obvious that the plaintiff was not blowing into the machine.
Unlike the Dorman matter, findings of fact were made below in the present action.
The finding made by the Commissioner in this matter is not clearly erroneous when considered in light of the whole record. The credibility of witnesses is within the province of the administrative agency, and the decision of the hearing officer was not arbitrary.
The appeal is dismissed.
ELAINE GORDON, JUDGE