[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S AMENDED PETITION FOR APPEAL OF THE FAMILY SUPPORT MAGISTRATE'S DECISION (DATED NOVEMBER 25, 1992)
The defendant also filed a motion to modify this courts orders of child support and alimony. The Family Support Magistrate (Hon. Deborah Kochiss Frankel) after a protracted and extensive hearing on September 11, 1992 denied the defendant's motion to modify and let stand the original orders of Judge Hauser dated April 19, 1991. In the interim, the defendant filed a motion to modify which was denied by Judge Ballen on January 24, 1992.
The defendant appealed from the decision of the Family Support Magistrate pursuant to Conn. Gen. Statutes46b-231(n)(1)(7)(A), i.e. In violation of statutory provision: specifically a violation of Conn. Gen. Statutes 46b-215b.
The appeal conducted by the Superior Court shall be confined to the record. . . . The Superior Court requested and did receive written briefs. Conn. Gen. Statutes 46b-231(n)(6).
The courts review is confined to the record and briefs. The court does not review this case de novo.
The standard of review herein is the same as set forth in Conn. Gen. Statutes 4-183(j) as follows.
 . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or CT Page 2963 decisions are: (1) in violation of constitutional or statutory provisions;. . . .
The scope of judicial review set forth in said 4-183(j) and46b-231(n)(7) is restricted by the substantial evidence rule. Connecticut Light and Power v. DPUC, 219 Conn. 51, 57 (1991). "Substantial evidence exists if the record demonstrates" substantial basis in fact from which the fact in issue can be reasonably inferred. . . ." Id. at 57.
Under the substantial evidence rule, the credibility of witnesses is within the province of the underlying adjudicator and, if evidence exists which reasonably supports the decision, that decision must be upheld, Dorman v. DelPonte, 41 Conn. Sup. 437,441 (1990).
A careful review of the transcript of the September 11, 1992 hearing before Family Support Magistrate Frankel demonstrates that her decision must be upheld.
The financial affidavits before the Family Support Magistrate do not show a substantial change of circumstances as regards to the defendant.
The defendant is urged to work 40 hours per week based on a letter which the plaintiff introduced, T8, 9; T27, 28.
The court also invites attention to pages 41, 42 of the transcript wherein Family Support Magistrate Frankel explains her reasoning in denying the plaintiff's motion to modify.
The appeal of the defendant from the decision of the family support magistrate as amended (under date of November 25, 1992) is dismissed.
Further the order of this court dated October 15, 1992 staying the order that the defendant pay a lump sum of $1355.00 to the plaintiff on or before October 2, 1992 is vacated and the defendant is ordered to pay to the plaintiff the sum of $1355.00 on or before April 15, 1993.
JOHN W. MORAN, JUDGE CT Page 2964