[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Charles H. Wade appeals the decision of the defendant Department of Motor Vehicles suspending his motor vehicle operator's license for a period of one year. The Department's decision was based on the plaintiff's alleged refusal to submit to a chemical test of the alcohol content of his blood and pursuant to General Statutes 14-227b. The plaintiff's appeal is authorized by General Statutes 4-183. The court finds the issues in favor of the defendant Department.
In his brief, the plaintiff asserts essentially a single basis for his appeal of the Department's decision. He contends that there was insufficient evidence for the Department's hearing officer to find that the plaintiff refused to submit to a chemical test of the alcohol content of his blood as required by 14-227b.
At the administrative hearing, the plaintiff appeared and testified. The police officer who attempted to administer the Intoximeter test also appeared and testified, and the police A 44 report form was admitted in evidence. Both witnesses were subjected to cross examination. The police officer testified that he was certified to operate the Intoximeter breath testing machine and that the machine had been tested and was in good working order. He testified that the plaintiff stated initially that he was willing to take the breath test. When instructed to do so, however, the plaintiff failed to blow properly into the machine's tube, with the result that the machine could not register the alcohol content of the plaintiff's blood. The police officer testified that the plaintiff would blow around the tube rather than into it, despite the officer's repeated instructions. He testified that one time he felt the plaintiff's breath on his hands while he was holding the tube for the plaintiff. The police officer inferred from CT Page 1317 this that the plaintiff was intentionally refusing to blow properly into the tube.
The plaintiff testified that he was at all times willing to take the breath test, that he understood the police officer's instructions and that he followed them to the best of his ability. He testified that he had heart surgery about a year before this incident and that he suffered from shortness of breath as a result. He also testified, however, that immediately prior to his arrest and the testing procedure in this case he had been dancing and drinking at a local cafe for a few hours.
The plaintiff argues that the evidence summarized above establishes that he did not refuse to take the test but rather agreed to be tested and was simply unable to muster sufficient breath or lung power to enable the machine to register properly. He argues that a failure to perform does not constitute a refusal for purposes of General Statutes 14-227b. In support of his contentions, the plaintiff cites Dorman v. Delponte,41 Conn. Sup. 437 (1990) and State v. Barlow, 30 Conn. App. 36
(1993).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183 (f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Conn. Light 
Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
The court has thoroughly reviewed the evidence in the record in the present case, including the transcript of the administrative hearing, the plaintiff's medical records, and the police report. The testimony of the police officer and the consistent statements in his CT Page 1318 report provided substantial evidence that the plaintiff intentionally refused to blow into the machine and, instead, allowed his breath to dissipate outside the tube. Both the testimony and the written report describe the police officer's instructions to the plaintiff regarding the operation of the Intoximeter, as well as the officer's observations of the plaintiff's actions during the testing procedure. This evidence supports the police officer's inference that the plaintiff was refusing to cooperate in the test procedure. The plaintiff's own testimony that he had been dancing that night for a considerable period of time could have undermined, in the hearing officer's view, the plaintiff's claim that his physical condition, shortness of breath, interfered with his ability to take the breath test.
In accordance with the general principles of law relating to administrative fact finding as summarized above, the Department's hearing officer was entitled to believe fully the police testimony and report and not to believe the plaintiff. The hearing officer's final decision, in which he found that the plaintiff "refused to submit to such test," indicates that he gave great weight to the police version of the events surrounding the testing procedure and considerably discounted the plaintiff's version. The court may not disturb the hearing officer's findings, supported as they are by the evidence in the record. The decisions in the Dorman and Barlow cases do not compel a different result. Those cases do not suggest that a court may overturn factual findings of an administrative agency that are based on substantial evidence in the record.
The plaintiff's appeal is dismissed.
MALONEY, J.