[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Jeffrey B. Merrill appeals the decision of the defendant Department of Motor Vehicles suspending his motor vehicle operator's license for a period of one year. The Department's decision was based on the plaintiff's alleged refusal to submit to a chemical test of the alcohol content of his blood and pursuant to General Statutes 14-227b. The plaintiff's appeal is authorized by General Statutes 4-183. The court finds the issues in favor of the defendant Department.
In his brief, the plaintiff asserts essentially a single basis for his appeal of the Department's decision. He contends that there was insufficient evidence for the Department's hearing officer to find that the plaintiff refused to submit to a chemical test of the alcohol content of his blood.
At the administrative hearing, the plaintiff appeared and testified. The police officer who arrested the plaintiff on the drunk driving charge also appeared and testified, and the officer's A 44 report form was admitted in evidence. Both witnesses were subjected to cross examination. The police officer testified that he was certified to operate the Intoximeter breath testing machine and that the machine had been tested, certified, and was in good working order. He testified that the plaintiff stated initially that he was willing to take the breath test but that he then refused to cooperate. In this regard, the officer testified that the plaintiff three times refused to give an adequate breath sample, with the result that the machine did not register. CT Page 1401 When the officer instructed the plaintiff to try again, the plaintiff merely held the tube to his mouth but would not blow into it. The plaintiff testified that he tried to blow sufficiently into the machine six times but was unable to make it register. He stated that he was suffering from a cold at the time "(but) I'm not sure if that's the reason."
The plaintiff argues that the evidence summarized above establishes that he "did not refuse to take the test but rather took the test and was unable to supply sufficient ambient air for the machine to properly perform." He claims that a failure to perform does not constitute a refusal for purposes of General Statutes 14-227b, the statute that requires license suspension in the event of a refusal. In support of his contentions, the plaintiff cites Dorman v. Delponte, 41 Conn. Sup. 437 (1990) and State v. Barlow,30 Conn. App. 36 (1993).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183 (f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court. . . to retry the case or to substitute its judgement for that of the administrative agency." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601
(1991).
The court has thoroughly reviewed the evidence in the record in the present case, including the transcript of the administrative hearing and the police report. The testimony of the police officer and the consistent statements in his report provided substantial evidence that the plaintiff intentionally refused to blow into the machine. Both the testimony and the written report set forth the police officer's observations of the plaintiff's actions and his attitude during the testing procedure . . . This evidence supports the police officer's inference that the plaintiff was refusing to cooperate in the test procedure. CT Page 1402
In accordance with the general principles of law relating to administrative fact finding as summarized above, the Department's hearing officer was entitled to believe fully the police testimony and report and not to believe the plaintiff. That is what the hearing officer did, as indicated in his subordinate findings of fact attached to his final decision. The court may not disturb those findings, supported as they are by the evidence. The decisions in the Dorman and Barlow cases do not compel a different result. Those cases do not suggest that a court may overturn factual findings of an administrative agency that are based on substantial evidence. The plaintiff's appeal is dismissed.
MALONEY, J.