[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Efrain Torres appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license for a period of six months. The commissioner's decision was based on the plaintiff's alleged refusal to submit to a chemical test CT Page 6947 of the alcohol content of his blood and pursuant to General Statutes § 14-227b. The plaintiff's appeal is authorized by General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
In his brief, the plaintiff asserts essentially a single basis for his appeal of the commissioner's decision. He contends that there was insufficient evidence for the Department's hearing officer to find that the plaintiff refused to submit to a chemical test of the alcohol content of his blood as required by § 14-227b.
The plaintiff was present at the administrative hearing, represented by counsel, but did not testify or offer any evidence. The only evidence in the record before the hearing officer was the report of the police officer who arrested the plaintiff, the A 44 form, and a supplemental narrative report. The plaintiff did not object to the admission of this report; on the contrary, his attorney stated, "I would like to adopt it."
The police report contains a signed statement by the plaintiff that "I consent to take the chemical tests." It also contains, however, the statement of the police officer that the plaintiff refused to submit to the test. This statement is witnessed by a second officer, as required by the statute and regulation. In the narrative portion of the report, the police officer states, "[Torres] then agreed to take a breath test. When Torres went to take the first test, he didn't blow hard enough and aborted the test. The second time he went to take the test, he was given instructions at least 6 times, but never put his mouth on the mouthpiece to blow . . . Torres never took the test (refusal)."
The plaintiff argues that the evidence summarized above establishes that he did not refuse to take the test but rather agreed to be tested and was simply unable to do so. He argues that a failure to perform does not constitute a refusal for purposes of General Statutes § 14-227b. In support of his contentions, the plaintiff cites Dorman v. Delponte, 41 Conn. Sup. 437 (1990) andState v. Barlow, 30 Conn. App. 36 (1993).
A basic principle of administrative law is that the CT Page 6948 scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
With respect to the nature of the evidence in this case, "[w]hen hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v. Muzio, 204 Conn. 507,518 (1987).
As noted, the only evidence before the hearing officer in this case was the report of the police officer. Under the familiar rules of administrative law cited above, the hearing officer was entitled to believe fully the police officer's statement that he explained the testing procedure to the plaintiff but the plaintiff refused even to put the mouthpiece of the breath test machine to his mouth. Such evidence would clearly support a finding that the plaintiff failed to take the test because he refused to do so, not that he was incapable.
The hearing officer's final decision, including his "subordinate findings of fact," indicates that he gave great weight to the statement of the police officer concerning the events surrounding the testing procedure. The court may not disturb those findings, supported as they are by the evidence in the record. The decisions in the Dorman and Barlow cases do not compel a different result. Those cases do not suggest that a court may overturn factual findings of an administrative agency that are based on substantial evidence in the record. CT Page 6949
The plaintiff's appeal is dismissed.
MALONEY, J.