[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Paul Tassmer appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing, the plaintiff appeared, represented by counsel, and testified. The hearing officer also admitted into evidence the report of the police officer who had arrested the plaintiff, on the A 44 form, along with the officer's narrative supplement. The plaintiff indicated he had no objection to the admission of these documents.
The plaintiff testified that the police officer requested that he be tested by providing a urine sample. The plaintiff stated he was willing to do so but was unable. The plaintiff cites Dorman v. DelPonte, 41 Conn. Sup. 437 (1990) in support of his argument that his inability to perform the requested test does not constitute a refusal in violation of the statute. The argument may not be sustained in this case.
The police officer states in the A 44 form that the plaintiff refused to be tested. That statement is "endorsed" by the signed statement of a second police officer as a witness to the refusal. In his narrative report, also signed under penalty of false statement, the police officer states that the plaintiff "initially agreed to submit to the urine test (but) changed his mind and refused to participate."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the CT Page 3846 weight of the evidence on questions of fact." "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991).
In the present case, the department hearing officer had the statements in the police reports that the plaintiff had in fact refused to be tested, rather than being willing but unable. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission, 4 Conn. App. 359,362 (1985); aff'd 202 Conn. 28, 33 (1987). Furthermore, "[w]hen hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v.Muzio, 204 Conn. 507, 518 (1987). The hearing officer was thus entitled to credit fully the police statements, which he did, quoting them in his subordinate findings.
Unlike the situation in the Dorman case, supra, the hearing officer had sufficient substantial evidence to support his finding that the plaintiff refused to be tested in violation of the statute. The decision must, therefore, be affirmed.
The appeal is dismissed.
MALONEY, J.