[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
The plaintiff Charles Lertch appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiffs motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The single issue in this appeal is whether the hearing officer properly found that the plaintiff had refused to submit to the chemical alcohol test. The court finds the issues in favor of the defendant.
On March 21, 1997, at approximately 12:45 a.m., Officer Daniel Gagnon of the state police stopped the plaintiff's automobile southbound on Route 117 in Ledyard for excessive speed and weaving. After observing that the plaintiff's eyes were red and glassy, and smelling the odor of alcohol on his breath, Officer Gagnon administered field sobriety tests on the plaintiff. Based upon the results of these tests the plaintiff was placed under arrest for driving under the influence.
At the state police barracks, Officer Gagnon read the implied consent advisory to the plaintiff and gave him an opportunity to telephone an attorney. The plaintiff agreed to submit to the breath test but after several attempts, there was an insufficient breath sample. The A-44 form indicates that the plaintiff refused to submit to the test, and that the refusal was witnessed by another officer.
Pursuant to General Statutes § 14-227b, the commissioner sent the plaintiff a suspension notice, advising him that his license would be suspended April 20, 1997 for refusing to take a chemical alcohol test and that he could request a hearing no later than April 7, 1997. The plaintiff did request a hearing, which was held on April 18, 1997. At the hearing the plaintiff CT Page 4775 was the only witness. After the hearing, the hearing officer suspended the plaintiff 's operator's license for a period of six months. This appeal followed.
In a license suspension hearing under General Statutes §14-227b, the hearing officer limits her determination to the four issues delineated in (f) of that statute. The hearing officer made the requisite four findings in her decision: there was probable cause to arrest the plaintiff for a violation specified in General Statutes § 14-227b; the plaintiff was put under arrest; the plaintiff refused to submit to the test; and the plaintiff was operating the automobile. (Return of Record (ROR), April 18, 1997 Decision). In addition, the hearing officer made the following subordinate findings:
 The A-44 supports an affirmative finding of all four facts. The police officer described the refusal as the operators blowing his breath into the officer's hand rather than in the tube.
(ROR, April 18, 1997 Decision).
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Shallenkamp v. DelPonte,supra, 229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshallv. DelPonte, 27 Conn. App. 346, 352, 606 A.2d 716 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut BuildingWrecking Co v. Carothers, 218 Conn. 580, 601 (1991). Further, CT Page 4776
 A reviewing court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented. . . ." (Internal quotation marks omitted.) Pet v. Dept. of Health Services, 228 Conn. 651, 668, 638 A.2d 6 (1994). The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . General Statutes § 4-183 (j).
Joyell v. Commissioner of Education, 45 Conn. App. 476, 489-90, cert. denied, 243 Conn. 910 (1997).
Here the evidence supporting the hearing officer's finding as to the refusal is contained in an investigation report signed by Officer Gagnon.
 The accused was read his constitutional rights at 0057 hrs. and transported to the Connecticut State Police Barracks Troop E. Once at the State Police Barracks the accused was read the Implied Consent Advisory and was given an opportunity to contact a lawyer at 0140 hrs. which he did not do. I then asked the accused to submit to a breath test which he agreed to do, the first test was given at 0146 hrs. As the accused blew into the instrument, I held the breath tube/antenna and watched as the instrument would display a reading for a short time then disappear, at this time I could feel the accused breath on my hand. I explained what the accused needed to do again and he state that he was doing it correctly and that the machine wasn't working properly. I explained that it was and the accused tried several more times, but the instrument could not register a sufficient breath sample. I offered the accused another chance and ran another Test 1 at 0154 hrs., again the reading would display for a short time then disappear and I could feel the accused breath again on my hand. The accused tried several more times, but the instrument could not register a sufficient breath sample.
(ROR, Police Report.)
The plaintiff claims that under the holdings of Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 713-18 (1997), and Dorman v. DelPonte, 41 Conn. Sup. 437, 440 (1990), the finding of refusal must be reversed. In Bialowas, the court held,
 We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the CT Page 4777 meaning of § 14-227b. Such refusal must be supported by substantial evidence. A conclusory statement by the arresting officer that the driver has failed to provide an adequate breath sample and has, therefore, refused, does not constitute such evidence.
Id., 714-15. The court finds that the record does contain substantial evidence supporting the refusal. Here, as noted above, the officer provided specific details regarding his observations of the plaintiff's actions during the test as well as the officer's attempts to instruct the plaintiff. In Bialowas, the Appellate Court provided guidelines for this situation:
 The police officer did not include in the police report or the narrative supplement adequate information about his observations to support his conclusion that the plaintiff's failure to provide sufficient breath was, in fact, a refusal to take the test. Such information, if it existed, could have been provided through testimony or other evidence such as the narrative supplement and might have described the officer's observations of the effort the plaintiff made in providing breath samples and in following the officer's instructions, or other conduct of the plaintiff that would bear on whether his actions were intentional. Without adequate information to form a basis for the police officer's inference, therefore, there was not substantial evidence for the hearing officer to determine whether the plaintiffs actions constituted a refusal.
Id., 716-17.
Here, the officer noted that twice he felt the plaintiffs breath on his hand as he was administering the test, that he instructed him on the procedure and that he gave him several opportunities to perform the test. Further, unlike the record inBialowas, there was evidence that the intoximeter was functioning at the time of the test. See Ellam v. Commissioner of MotorVehicles, 47 Conn. App. 509, 516 (1998). The refusal was witnessed by a third person pursuant to General Statutes §14-227b(c). While at the hearing, the plaintiff testified that the officer never informed him that he was blowing on his hand and not in the tube, it was within the province of the hearing officer to reject his testimony. Joyell v. Commissioner ofEducation, supra, 45 Conn. App. 489-90.
The court will not disturb the finding of refusal under its limited scope of review. The finding of the hearing officer was CT Page 4778 not clearly erroneous because there was a substantial basis of fact to infer a refusal by the plaintiff.
The appeal is dismissed.
DiPENTIMA, J.