LORRAINE DEMMA *v.* COMMISSIONER OF MOTOR
VEHICLES

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued April 6—decided May 2, 1973

*Richard R. Brown,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellant-appellee (defendant).

*Samuel Bailey, Jr.,* for the appellee-appellant (plaintiff).

BOGDANSKI, J. This is an appeal from the decision of the defendant commissioner of motor vehicles in finding that the plaintiff violated § 14-51 of the General Statutes in repairing a motor vehicle such that "the repairs . . . were not completed in a qualified and professional manner," and in finding that the plaintiff violated § 14-64 in repairing a motor

vehicle with used parts and not new parts as agreed and paid for. No suspension action was taken with respect to the violation of § 14-51, but a suspension of thirty days was ordered for the violation of § 14-64. From this decision the plaintiff appealed to the Court of Common Pleas, which sustained her appeal. From a judgment rendered thereon, the commissioner has appealed to this court.

The commissioner has assigned error in the action of the court in sustaining the appeal and in setting aside the suspension.

The trial court concluded that the evidence did not reasonably support the decision of the commissioner that the plaintiff had violated § 14-64[1] by repairing "Miss Vauter's vehicle with used parts and not new as agreed to and paid for."

In this court the commissioner contends (1) that the evidence before him does support the conclusion that the plaintiff made a false statement regarding the parts to be used in the repair of Miss Vauter's car, and (2) that the plaintiff failed to sustain the burden of proving that the commissioner acted contrary to law and in abuse of his discretion.

It is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts be-

[1] General Statutes § 14-64 provides, in pertinent part: "The commissioner shall suspend or revoke the license or licenses of any licensee when, after notice and hearing, it is determined that such licensee has violated any provision of this subdivision (D) [of chapter 246] or any other statute of this state pertaining to his business as a licensee. Any person who violates any provision of said sections or makes any false statement as to the condition of any motor vehicle sold, exchanged, transferred or repaired shall, in addition to suspension or revocation of license, be fined not less than twenty-five dollars nor more than one hundred dollars."

fore him, acted contrary to law and in abuse of his discretion. *Dempsey* v. *Tynan,* 143 Conn. 202, 206, 120 A.2d 700. The law is also well established that if the decision of the commissioner is reasonably supported by the evidence it must be sustained. *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747.

The record discloses evidence from which the commissioner could have found the following facts: Beverly Vauter's car was involved in an automobile accident on November 14, 1970, and was towed to the plaintiff's garage. She and the plaintiff agreed that the car would be repaired for $1150. Nothing was said regarding the use of used parts for the repairs. She paid for the repair job but stated that had she known used parts were to be used, she would not have given the job to the plaintiff.

Philip Demma, the plaintiff's service manager, handled the negotiations concerning the repair job for the plaintiff, and Anthony Sgro, an insurance adjuster, negotiated with him on behalf of Miss Vauter. On the appraisal sheet used by Demma and Sgro to arrive at the contract price of $1150, the letter "N" was written before every part to be employed in the repairs. At the hearing Demma stipulated, through his attorney, that the letter "N" before an item on the appraisal sheet denoted that the item was to be a new part. Sgro stated that he appraised Miss Vauter's car for a "contract figure" of $1150, that the appraisal sheet showed new parts listed for the front end of the vehicle, and that when he wrote up the appraisal, he intended the parts to be new. Demma testified that he agreed to repair the car for the stated contract figure but intended to and did substitute used parts. Sgro, on the other hand,

said that the substitution of used parts for new was not "the manner in which he paid to have the vehicle repaired."

Philip Demma testified that "[t]he cost to repair the car with all new parts would have been over $1,400." The appraisal sheet signed by Demma, however, contradicts this testimony. This exhibit which is also printed in the defendant's appendix shows all parts listed as being new. Nevertheless, in adding the new parts listed on the appraisal sheet, together with the stated cost of labor, the total is found to be $1150 and not over $1400 as claimed by Demma.

On the basis of this evidence, it was reasonable to conclude, as the commissioner did, that there was a representation by the plaintiff that Miss Vauter's vehicle would be repaired with new parts for the contract figure of $1150 when, in fact, the plaintiff intended to and did substitute used parts. Section 14-64 expressly empowers the commissioner to suspend or revoke the license of a repairer who makes a false statement as to the condition of any motor vehicle which he has repaired. We conclude, therefore, that the decision of the commissioner that a false statement was made concerning the repair of a motor vehicle in violation of § 14-64 was reasonably supported by the evidence and that the plaintiff failed to sustain the burden of establishing that the commissioner, in suspending her license, acted contrary to law and in abuse of his discretion. The trial court, therefore, erred in sustaining the appeal.

The plaintiff filed a "Bill of Exception" to the denial by the trial court of her "Motion for Trial of Additional Facts." The purpose of a bill of exceptions is to permit expression of opinion on questions

not presented by an appeal which would be of assistance in a new trial, if one is ordered. *Donch* v. *Kardos,* 149 Conn. 196, 198, 177 A.2d 801. Thus, absent extraordinary circumstances, a bill of exceptions is not considered by this court when it directs judgment. *Carta* v. *Providence Washington Indemnity Co.,* 143 Conn. 372, 379, 122 A.2d 734. Under the circumstances of this case, we do not consider the bill of exceptions.

There is error, the judgment is set aside and the court is directed to render judgment dismissing the appeal.

In this opinion the other judges concurred.