### Firestone Tire and Rubber Company *v.* Commissioner of Motor Vehicles

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued April 5—decided May 2, 1973

*Irving B. Shurberg,* for the appellant (plaintiff).

*Richard R. Brown,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

BOGDANSKI, J. This is an appeal from the decision of the defendant commissioner of motor vehicles in finding that the plaintiff had violated § 14-145 of the General Statutes in removing tires and wheels from a motor vehicle without the permission of the owner and in finding that the plaintiff violated § 14-60 in using repairer registration plates for the purpose of removing and transporting said tires when the removal was not in conjunction with a repairer's license. As a result, the commissioner, pursuant to § 14-64, suspended the plaintiff's license for five days for each violation, the terms to run consecutively. From this decision the plaintiff appealed to the Court of Common Pleas, which dismissed the appeal. From the judgment rendered thereon, the plaintiff appealed to this court.

In its appeal to this court the plaintiff claims the court erred in failing to find that the commissioner acted contrary to law and in abuse of his discretion in concluding that the plaintiff had violated the aforementioned statutes.

The trial court found that the plaintiff had the burden of proving that the commissioner, on the facts before him, had acted contrary to law and in abuse of his discretion; *Dempsey* v. *Tynan,* 143 Conn. 202, 206, 120 A.2d 700; and it further found that if the conclusions of the commissioner were reasonably supported by the evidence, they must stand. The court then concluded that, on the facts of this case, the conclusions reached were reasonably supported by the evidence and dismissed the appeal.

The record discloses the following facts: The plaintiff operated an auto parts business in New Britain where repairs were made on motor vehicles and tires were sold. On April 8, 1971, the plaintiff sold four new tires to Santo Amenta and mounted the tires on his car. The sale was made pursuant to a retail installment contract which contained the following provision: "In the event Buyer defaults . . . Seller at its option may take back the merchandise." Amenta failed to make any payments under the contract, and the plaintiff made many unsuccessful attempts by telephone and letter to get him to do so. On August 31, 1971, at about 7:15 a.m., two employees of the plaintiff went to the Amenta residence and removed two rear tires and wheels from the Amenta car which was parked in the driveway and replaced them with two other wheels and two used tires. They then placed the repossessed tires and wheels in the plaintiff's repairer truck and took them back to their place of business. It was their intention to remove the repossessed tires from the Amenta wheels, place two other tires on the wheels, return them to the Amenta vehicle, and then make a similar switch with respect to the front wheels and tires. On reaching the store, they called Amenta and told him what they had done and advised him of their intention of coming back. Nothing further, however, was done. Amenta then filed a complaint with the defendant commissioner who charged the plaintiff with a violation of § 14-145 (tampering with a motor vehicle) and § 14-60 (improper use of a repairer's registration plates).

Section 14-145 provides in part as follows: "No person shall interfere or tamper with a motor vehicle . . . without the permission of the owner,

. . . and no person shall, with intent and without right . . . damage a vehicle . . . or remove any of its parts or components."

The plaintiff contends (1) that there was no violation of this statute because there was no criminal intent in the removal of the wheels and tires, and (2) that the retail installment contract signed by Amenta gave the plaintiff the right to act as it did.

The short answer to these claims is that neither the nature of the proceedings nor the statute itself requires a finding of "criminal intent." Under § 14-64 the commissioner is empowered only to suspend or revoke licenses after notice and hearing. Moreover, the intent to do a prohibited act, not intent to violate the criminal law, is the only intent required for conviction in the case of many acts constituting violations of statutes in the nature of police regulations. *State* v. *Guerra,* 151 Conn. 159, 165, 195 A.2d 50. Section 14-145 is clearly such a police regulation. The claim that the retail installment contract gave the plaintiff the right to do what it did may have merit so far as the tires are concerned but cannot advantage the plaintiff with respect to the wheels.

Section 14-60 restricts the use of dealers' and repairers' registration plates but does permit any licensed dealer or repairer to allow a bona fide employee to use such a motor vehicle in connection with his business as a dealer or repairer.

The violation of § 14-60 complained of and the finding made by the commissioner as to this second portion of the complaint relate to the transportation only of the two tires and not of Amenta's

wheels.[1] Nowhere in the finding is there any attack on the plaintiff's claim that it had title to these tires pursuant to the terms of the retail instalment contract signed by Amenta and the right to repossess them "in the event Buyer defaults." It is undisputed that Amenta made no payments on the contract and was in default. On the basis of the complaint and finding, therefore, the commissioner could not reasonably and logically conclude that § 14-60 was violated by the transportation of another's property in the truck with a repairer's registration plates.

We conclude that the trial court was correct in ruling that the commissioner did not act contrary to law or in abuse of his discretion in reaching the conclusion that the plaintiff had violated § 14-145 but that the court erred in upholding the commissioner's decision that the plaintiff had violated § 14-60.

There is error in part and the case is remanded with direction to modify the judgment as on file by sustaining the appeal of the plaintiff as to the alleged violation of § 14-60 of the General Statutes.

In this opinion the other judges concurred.

---

[1] "It is alleged you did use repairer plates RA-41 to remove tires from Mr. Amenta's vehicle and transport said tires to your location, such not being in connection with your repairer's license."

"A violation of Section 14-60 of the General Statutes is found in that you did use repairer plates RA-41 for the purpose of removing the tires from Mr. Amenta's vehicle and transporting the tires to your location. Such removal was not in conjunction with your repairer's license, as defined in Section 14-51 of the General Statutes."