[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of ninety (90) days pursuant to Connecticut General Statutes 14-227b, as amended by Public Act No. 89-314, Section 1.
The plaintiff, Michael J. Draicchio, is a resident of the State of Connecticut and the holder of a Connecticut motor vehicle operator's license issued by the defendant Commissioner of Motor Vehicles. On January 13, 1990 at approximately 12:00 a.m. he was operating a 1987 RX-7 Mazda on Twin Lakes Road in the town of North Branford, Connecticut, when he was stopped by police officer C. Manner after the police officer had observed the vehicle weaving in the driving lane. (See Officer's DWI Arrest and Alcohol Test Refusal or Failure Report, hereinafter "Police Report"). During the course of the investigatory stop, Officer CT Page 4597 Manner observed that the plaintiff's actions were belligerent, uncooperative and there was an odor of alcohol on his breath and, empty beer cans in the automobile. The plaintiff told the police officer that he had drank three beers. (Police Report, page 1). The trooper administered a field sobriety test and plaintiff failed. (Police Report, page 1). Police Officer Manner arrested the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor in violation of Public Act No. 89-314. (Police Report, page 1).
After having been placed under arrest, plaintiff was apprised of the chemical alcohol testing requirements of the State's implied consent law and, having been afforded a reasonable opportunity to telephone an attorney, agreed to submit to a chemical analysis of his breath. (Police Report, page 2). Two separate tests were conducted with an intoximeter (at 12:23 a.m. and 1:00 a.m.) and the results of both test indicated that the ratio of alcohol in plaintiff's blood was more than ten hundredths of one per cent of alcohol by weight (i.e., .189 and .172, respectively). (see Police Report, page 2, 3).
In view of the fact that the percentage of alcohol in plaintiff's blood exceeded the level set forth in Public Act 89-314, Officer Manner, acting on behalf of the Commissioner of Motor Vehicles, immediately revoked and took possession of the plaintiff's operator's license and issued him a temporary license. (See amended Transmittal of Record). This temporary license informed the plaintiff that his privilege to operate a motor vehicle was revoked for a 24 hour period from 12:23 a.m. on January 13, 1990, until 12:23 a.m. on January 14, 1990. (see Temporary License). The temporary license further advised the plaintiff that he would be receiving a notice from the Department of Motor Vehicles informing him that his operator's license would be suspended for a 90 day period as a result of the chemical test and the specific dates of the suspension, and the notice would also provide information concerning plaintiff's right to request an administrative hearing to contest the suspension. (Temporary License, page 2). Lastly, the temporary license stated:
 Your attorney may be present at an administrative hearing. Also, you may request that the arresting officer and any other witness be present at the hearing, but you must pay any fees for their appearance. Only if you can provide evidence of indigency will the arresting officer be summoned to an administrative hearing at the expense of the Department of Motor Vehicles.
(Temporary License, page 2). CT Page 4598
On January 18, 1990, the Commissioner' of Motor Vehicles mailed a suspension notice to the plaintiff informing him that his operator's license would be suspended for a 90 day period starting on February 17, 1990, due to his failing the chemical alcohol test administered under Public Act 89-314. (See Record, 5). The suspension notice also informed the plaintiff that he was entitled to an administrative hearing before the effective date of the suspension and gave him the mailing address and telephone number of the unit within the Department of Motor Vehicles that he should contact if he wished to schedule a hearing. (See Record, 5).
The plaintiff, through his attorney, contacted the Department of Motor Vehicles and a hearing was scheduled for February 1, 1990.
By way of confirmation, the Department of Motor Vehicles sent the plaintiff a written notice of hearing which stated, in part, that a hearing was scheduled to be held at the Hamden Office of the Department of Motor Vehicles, on Thursday, February 1, 1990, at 9:40 a.m. to provide plaintiff with an "opportunity to respond to the charge or information that you failed to pass a chemical alcohol test after being arrested for driving under the influence of alcohol or other offense specified in Public Act No. 89-314." (See Record, 3). The notice further informed the plaintiff that the hearing would be held under the authority of 14-4a of the Connecticut General Statutes, Public Act No. 89-314, and 14-137-6
to 14-137-39 and 14-227b-1 through 14-227b-29 of the Regulations of Connecticut State Agencies, and that the hearing would be limited to the four issues set forth in Public Act No. 89-314. (See Record, 1).
On February 1, 1990, an administrative hearing was held before the Commissioner of Motor Vehicles' designee, Attorney Gail Katowski (hearing officer). The plaintiff appeared at the hearing with counsel and testified. Over the objection of plaintiff's counsel, the hearing officer admitted into evidence the police report that was prepared by Officer Manner pursuant to Connecticut General Statutes 14-227b(c), as amended by Public Act No. 89-314, (see Record, 2). Based on the evidence received at the administrative hearing — basically the police report — the hearing officer found against the plaintiff on all four issues specified in Connecticut General Statutes 14-227b(f), as amended by Public Act No. 89-314, to wit: (1) the police officer had probable cause to arrest the plaintiff for a violation specified in Public Act No. 89-314; (2) the plaintiff was placed under arrest, (3) the plaintiff submitted to the breath test mandated under the public act and the results of said test indicated that at the time of the offense the plaintiff's blood alcohol count (BAC) was .10 or more; and (4) the plaintiff was operating the motor vehicle. Based on these findings, the hearing officer CT Page 4599 ordered the plaintiff's operator's license suspended for a period of ninety (90) days, (see copy of Decision, Record, 4).
Pursuant to 4-183 of the Connecticut General Statutes, the plaintiff has filed the instant appeal in the Superior Court for the Judicial District of New Haven seeking judicial review of the Commissioner of Motor Vehicles' suspension decision. In his complaint dated February 14, 1990 (Complaint) plaintiff claims that in suspending petitioner's operating license, the Department of Motor Vehicles acted illegally, arbitrarily and in abuse of discretion vested in it and/or prejudiced substantial rights of the petitioner. The plaintiff further alleges that the Department of Motor Vehicles' findings, inferences, conclusions and/or decisions are:
 (1) in violation of petitioner's constitutional rights of due process as provided by both the United States Constitution and the State of Connecticut Constitution; (2) made upon unlawful procedure; (3) affected by other error of law; (4) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; (5) arbitrary and capricious and characterized by abuse of discretion and clearly unwarranted exercise of discretion.
In his brief, the plaintiff has grouped these claims into three categories of error. The first of these is that the requirements set forth in the implied consent law were not complied with and, therefore, the Commissioner acted illegally, arbitrarily and in abuse of his discretion when he suspended the plaintiff's operator's license. The plaintiff also claims substantial prejudice because the police report submitted at the hearing was hearsay. Lastly, the plaintiff claims that the statute is unconstitutional because it denies the accused a fair unpartial and effective hearing by prohibiting the right to confrontations and cross-examination.
In an appeal such as this "[i]t is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion." Demma v. Commissioner of Motor Vehicles, 165 Conn. 15,16-17, 327 A.2d 569 (1973). See also, Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 570,345 A.2d 520 (1973); Firestone Tire Rubber Co. v. Commissioner of Motor Vehicles, 165 Conn. 10, 11, 327 A.2d 573 (1973).
Judicial review of the Commissioner of Motor Vehicles' CT Page 4600 actions in suspending an operator's license under Connecticut
General Statutes 14-227b is governed by the Uniform Administrative Procedure Act (UAPA), Connecticut General Statutes4-166 et seq., and the scope of that review is very restricted. Buckley v. Muzio, supra; C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978). Rather, "[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence. . .which reasonably supports the decision of the commissioner, . . . [the Court] cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975). See also, Madow v. Muzio, 176 Conn. 374, 376, 407 A.2d 997 (1978); Clark v. Muzio, 40 Conn. 512, 514, 516 A.2d 160 (1986), aff'd,14 Conn. App. 212, 540 A.2d 1063 (1988), cert. denied, 208 Conn. 809,545 A.2d 1105 (1988).
Proceeding to the plaintiff's claims that the record contains no evidence to support a conclusion that the required procedures of the implied consent law were followed and that inadmissable evidence was considered at the hearing.
It is clear from the cases cited in the defendant's brief that strict compliance with all the procedural requirements of Connecticut General Statutes 14-227b are not a prerequisite for a suspension.
As stated by the Supreme Court in Buckley v. Muzio, 200 Conn. 1,7, 509 A.2d 489 (1986), [t]he language of General Statutes14-227b(d) [now 14-227b(f)] is plain and unambiguous. The hearing is expressly limited to the four issues enumerated in the statute. See also, Volck v. Muzio, 204 Conn. 507, 512, 514
(1987), and Weber v. Muzio, 204 Conn. 521, 523, 528 (1987).
The plaintiff's claim with regard to the evidence submitted at his hearing is easily dealt with.
"It is fundamental that administrative tribunals are not strictly bound by the rules of evidence and that they may consider exhibits which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." Lawrence v. Kozlowski, 171 Conn. 705, 710, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 52 L.Ed.2d 1066
(1977). With respect to the license suspension proceedings under the implied consent law, the Regulations of Connecticut State Agencies make specific provision for the receipt into evidence of the police report prepared in accordance with 14-227b(c):
The written report filed by the arresting officer CT Page 4601 shall be admissible into evidence at the hearing if it conforms to the requirements of 14-227b(c) of the General Statutes.
Regs., Conn. State Agencies 14-227b-19.
The admissibility of the police report is consistent with the intent of the legislature as explained by the Supreme Court in Volck v. Muzio, supra:
 Subsection (c) of 14-227b prescribes not only that the "report of such refusal" bear the signature of a witness to the refusal but also that it be sworn to "by the police officer before whom such refusal was made," that it set forth the grounds for probable cause to make the arrest and that it state that the arrested motor vehicle operator had refused the officer's request to submit to a prescribed test. Its evident purpose is to provide sufficient indicia of so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer.
204 Conn. at 517-18. Emphasis added.
There is clear legislative intent that the police report should be introduced into evidence at the administrative hearing without the necessity of producing the arresting officer, Volck v. supra, and the specific regulatory authority on the subject of admissibility, 14-227b-19. A review of the record supports he conclusion that Officer Manner's police report conformed to the requirements of 14-227b(c) and therefore was properly introduced into evidence.
Lastly, with regard to the plaintiff's claim that he was denied the opportunity to confront and cross-examine witnesses.
The United States Supreme court has determined that a motor vehicle operator's license cannot be suspended without "that procedural due process required by the Fourteenth Amendment." Bell v. Burnson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90
(1971). See also, Lawrence v. Kozlowski, supra, 171 Conn. at 716
n. 8; Hickey v. Commissioner of Motor Vehicles, 170 Conn. 136,144, 365 A.2d 404 (1976). The rights to present evidence and to cross-examine witnesses in contested cases, such as a license suspension case under the implied consent law, are also guaranteed by the UAPA, Connecticut General Statutes 4-177, 4-177c(a), 4-178
(5); Lawrence v. Kozlowski, supra, 171 Conn. at 714 N. 8. CT Page 4602
The record shows that the Department of Motor Vehicles did not deprive the plaintiff of an opportunity to confront and cross-examine Officer Manner. On the contrary, the temporary license that was issued to plaintiff on January 13, 1990, clearly stated that he could "request that the arresting officer [i.e. Manner] and any other witness be present at the hearing."
At no time prior to the administrative hearing did the plaintiff request that the Department of Motor Vehicles summon Officer Manner to appear at the hearing, nor did plaintiff's counsel issue a subpoena for the officer's presence.
Furthermore, at the hearing the plaintiff did not request that the proceeding be continued and that Officer Manner be summoned to the continued hearing so that he could be subject to cross-examination.
A party's right to confront and cross-examine witnesses against him is not infringed if the party fails to pursue the steps necessary in order to confront the cross-examination. The plaintiff failed to do that which would have afforded him the presence of the witness at the hearing for purposes of cross-examination. "Such a failure cannot provide the basis for a claim that he was deprived of his right to confront his accusers." State v. Mastropetre, 175 Conn. 512, 522, (1978).
The plaintiff also contends that the per se law is unconstitutional because it denies those accused of its violation of a fair impartial and effective hearing by disallowing the plaintiff the opportunity to confront the witnesses whose testimony was used against them. One who makes this claim must prove it.
"It is well settled that a plaintiff who attacks a statute on constitutional grounds has no easy burden." Lubin v. Brown,168 Conn. 212, 219 (1975). "One who challenges the constitutionality of a statute bears the heavy burden of overcoming the presumption of its constitutional validity and of establishing the statute's invalidity beyond a reasonable doubt." Ecker v. West Hartford,205 Conn. 219, 237 (1987).
 Courts in passing upon the validity of a legislative act do not feel justified in declaring it void unless there is a clear and unequivocal breach of the constitution. . .We approach the question with great caution, examine it with infinite care, make every presumption and intendment in favor of validity and sustain the act unless its invalidity is, in our judgment, CT Page 4603 beyond a reasonable doubt.
Lubblin v. Brown, supra 168 Conn. at 220, quoting from Edwards v. Hartford, 145 Conn. 141, 145 (1958). The plaintiff has not met this burden. His claim with regard to the constitutionality of the per se statute must, therefore, fail. the plaintiff's appeal is denied
THOMAS V. O'KEEFE, JR., JUDGE