[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle operators license for a period of one year pursuant to Connecticut General Statutes 14-227b.
The decision was rendered after a hearing to which the plaintiff was summoned to respond to a charge that he refused to submit to a chemical alcohol test after being arrested for driving under the influence. The Commissioner was authorized to hold such CT Page 7146 a hearing under the authority of Connecticut General Statutes14-4a and Public Act No. 89-314; and Regulations of Connecticut State Agencies 14-227b-1 through 14-227b-29.
As a Result of the hearing the Commissioner found:
1. The police officer had probable cause to arrest the operator (plaintiff) for a violation specified in Section 1 of Public Act 89-314.
2. The operator (plaintiff) was placed under arrest.
3. The operator (plaintiff) refused to submit to such test or analysis.
4. Said person (plaintiff) was operating the motor vehicle.
The plaintiff appealed to the Superior Court from this decision pursuant to Connecticut General Statutes 4-183 of the Uniform Administrative Procedure Act.
Plaintiff alleged aggrievement in his petition and after a hearing the court finds the plaintiff is aggrieved. Tarascio v. Muzio, 40 Conn. Sup. 505, 507. Plaintiff's petition repeats the general allegations of irregularity found in Connecticut General Statutes 4-183 (j) but his brief discusses only one issue:
 "Did the hearing officers allowance into evidence of an improperly executed document create insubstantial or not credible evidence by which the plaintiff was prejudiced at the administrative hearing?"
Appeals of this type are confined to the record Connecticut General Statutes 4-183 (i).
In an appeal such as this "[i]t is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion." Demma v. Commissioner of Motor Vehicles, 165 Conn. 15,16-17, 327 A.2d 569 (1973). See also, Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 570,345 A.2d 520 (1973); Firestone Tire Rubber Co. v. Commissioner of Motor Vehicles, 165 Conn. 10, 11, 327 A.2d 573 (1973).
Judicial Review of the Commissioner of Motor Vehicles' actions in suspending an operator's license under Connecticut General Statutes 14-227b is governed by the Uniform Administrative Procedure Act (UAPA), Connecticut General Statutes4-166 et seq., and the scope of that review is very restricted. CT Page 7147 Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489 (1986). Thus, for example, it is not the function of the Superior Court to retry the case or to substitute its judgment for that of the Commissioner. Buckley v. Muzio, supra; C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978). Rather, "[t]he credibility of witnesses and the determination of fact issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the Commissioner, . . . [the Court] cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975). See also, Madow v. Muzio, 176 Conn. 374, 376, 407 A.2d 997 (1978); Griffin v. Muzio, 10 Conn. App. 90, 91-92, 521 A.2d 607, cert denied, 203 Conn. 805, 525 A.2d 520 (1987).
To prevail in this appeal the plaintiff bears the heavy burden of proving, inter alia, that substantial rights possessed by him have been prejudiced because the decision to suspend his operator's license is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Connecticut General Statutes 4-183 (j)(5). See, Lawrence v. Kozlowski, 171 Conn. 705, 713-14, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.CT. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Connecticut Light Power Co. v. DPUC, 216 Conn. 627,639, 583 A.2d 906 (1990). (See also, Connecticut Light 
Power Co. v. DPUC, 219 Conn. 51, 57-58, 591 A.2d 1231 (1991). "Substantial evidence" exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Id., 639-40; Lawrence v. Kozlowski, supra. What this means in the context of a license suspension decision under the implied consent law is that "[i]f the administrative determination of [the four license suspension issues set forth in14-227b(f)] is reasonably supported by the evidence in the record, it must be sustained." Clark v. Muzio, 40 Conn. Sup. 512,514, 516 A.2d 160 (1986), affirmed, 14 Conn. App. 212,540 A.2d 1063, cert. denied, 208 Conn. 809, 545 A.2d 1105 (1988).
The document allowed into evidence by the hearing officer Record Exhibit A is entitled Officers DWI Arrest and Alcohol Test Refusal or Failure Report. Commonly referred to as an A44. The hearing officer found that the A44 report was an original, signed sworn to and witnessed. The statute 14-227b subsections (b) and (c) prescribe both the procedure attending the request to submit to the test or analysis and the content of the report to be submitted to the Commissioner. The report shall set forth the grounds for the officers belief that there was probable cause to CT Page 7148 arrest such person for operating a motor vehicle while under the influence of intoxicating liquor an any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis.
Plaintiff's counsel objected to exhibit A asserting it was hearsay and also because section H was not complete in that the box entitled signature of person taking the oath was blank. Counsel also asserted that the arresting officers signature was illegible.
The hearing officer overruled these objections and admitted the report. The hearing officer noted that the signature of the sergeant who took the arresting officer's oath was present in Section H of the A-44 but was located in the box called title.
An examination of the record Exhibit A indicates that the A-44 was signed by the sergeant who took the oath of the arresting officer. The court concludes that the signature at this location does not affect the validity of the document and that the evidence contained therein is both reliable and probative.
 "`We note first that administrative tribunals are not strictly bound by the rules of evidence and that they may consider evidence which would normally be incompetent in a judicial proceeding, as long as the evidence is reliable and probative. Lawrence v. Kozlowski, 171 Conn. 705, 710, 372 A.2d 110, cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977); Balch Pontiac-Buick, Inc., v. Commissioner of Motor Vehicles, 165 Conn. 559, 570, 345 A.2d 520 (1973). There is moreover no specific prohibition against hearsay evidence in the Uniform Administrative Procedure Act, which provides that `[a]ny oral or documentary evidence may be received, but [that] the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence.' General Statutes 4-178 (1)." Tomlin v. Personnel Appeal Board, 177 Conn. 344, 348, 416 A.2d 1205 (1979). "[W]hen a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form.' General Statutes (Rev. to 1985) 4-178 (1)."
Jutkowitz v. Department of Health Services, 220 Conn. 86, 108, 109
(1991).
There is no requirement in the statute that the signature of the person administering must be written in any certain place on the oath document. The thrust of the statute is that the report be sworn to under penalty of false statement. The court is satisfied that this report was admissible. "Subsection (c) of14-227b prescribes not only that the "Report of such Refusal" bear the signature of a witness to the Refusal [present in exhibit A] but also that it be sworn to "by the police officer before whom such refusal was made," that it set forth the grounds for probable cause to make the arrest and that it state that the arrested motor vehicle operator had refused the officers request to submit to a prescribed test. Its evident purpose is to provide sufficient induced of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings without the necessity of producing the arresting officer." Volck v. Muzio, 204 Conn. 507, 518
(1987). Such admission is also provided for in Connecticut State Agency Regulation 14-277b-19.
 The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of 14-227b(c) of the General Statutes."
The hearing officer found this conformity the court reviewing the exhibit concurs. The report contains reliable, credible, probative and substantial evidence which support the findings which the hearing officer was required to make and did make in this matter pursuant to 14-227b(f).
Accordingly the appeal is denied.
Donald T. Dorsey, Judge CT Page 7149