[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Veronica A. Pettit filed an appeal to the superior court seeking judicial review of a decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of six (6) months in accordance with the administrative license suspension provisions of Connecticut's implied consent law, Conn. Gen. Stat.14-227b (Revised to 1991). CT Page 10712
As part of Connecticut's program to deter drunken driving, the General Assembly has enacted an implied consent law. See, Conn. Gen. Stat.14-227b (revised 1991). This statute declares that any person who operates a motor vehicle in Connecticut shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine if arrested for driving while under the influence of intoxicating liquor or any drug, or for other enumerated offenses. If the person arrested refuses to submit to the test or analysis mandated by the implied consent law, that person's operator's license shall be suspended for a period of six (6) months. Prior to the effective date of the suspension, however, the person is entitled to an administrative hearing which is limited to the following four issues:
 (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drugs or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person submit to such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle.
In the instant case the plaintiff was arrested for operating a motor vehicle while under the influence of intoxicating liquor or drugs or both.[1] After being apprised of the chemical alcohol testing requirements of the implied consent law, the plaintiff refused to take the mandatory test. A written report of this refusal was forwarded to the Department of Motor Vehicles in accordance with 14-227b(c), as amended by Public Act No. 89-314. Thereafter, the plaintiff was notified by the Commissioner of Motor Vehicles that her operator's license was to be suspended for six months due to his reported failure to comply with the implied consent law but that she would be provided with a hearing to contest the suspension decision if she wished to do so. (See Record Item #7.)
The plaintiff requested and was given an administrative hearing and, based upon the evidence introduced at the hearing, the Commissioner, acting through his designee, Hearing Officer Jeffrey O. Donahue, found in the affirmative on the four license suspension issues. As a result of this determination, the Commission ordered the suspension of the plaintiff's CT Page 10713 operator's license for a period of six months.
Pursuant to Section 4-183 of the Conn. Gen. Stat. the plaintiff has filed the instant appeal in the Superior Court seeking judicial review of the Commissioner of Motor Vehicles' suspension decision. In her complaint and brief, the plaintiff argues that the decision should be reversed since the plaintiff did not refuse to take a test.
In an appeal such as this "[i]t is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion." Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17, 327 A.2d 569 (1973). See also, Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559,570, 345 A.2d 520 (1973); Firestone Tire Rubber Co. v. Commissioner of Motor Vehicles, 165 Conn. 10, 11, 327 A.2d 573 (1973).
Judicial review of the Commissioner of Motor Vehicles' actions in suspending an operator's license under Conn. Gen. Stat. 14-227b is governed by the Uniform Administrative Procedure Act (UAPA), Conn. Gen. Stat. 4-166
et seq., and the scope of that review is very restricted. Buckley v. Muzio,200 Conn. 1, 3, 509 A.2d 489 (1986). It is not the function of the Superior Court to retry the case or to substitute it's judgment for that of the commissioner. Buckley v. Muzio, supra; C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978). Rather, "[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence. . .which reasonably supports the decision of the commissioner, . . . [the court] cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589,362 A.2d 840 (1975). See also, Madow v. Muzio, 176 Conn. 374, 376,407 A.2d 997 (1978); Griffin v. Muzio, 10 Conn. App. 90, 91-92,521 A.2d 607, cert. denied, 203 Conn. 805,525 A.2d 520 (1987).
To prevail in this appeal the plaintiff bears the heavy burden of proving, inter alia, that substantial rights possessed by her have been prejudiced because the decision to suspend her operator's license is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Conn. Gen. Stat. 4-183(j)(5). See Conn. Gen. Stat. 4-183(j)(5) and (6); Lawrence v. Kozlowski, 171 Conn. 705,713-14, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed.2d 1066 (1977). "Judicial review of an administrative decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 639, 583 A.2d 906
CT Page 10714 (1990). "Substantial evidence" exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Id., 639-40; Lawrence v. Kozlowski, supra. What this means in the context of a license suspension decision under the implied consent law is that "[i]f the administrative determination of [the four license suspension issues set forth in 14-227b(f)] is reasonably supported by the evidence in the record, it must be sustained." Clark v. Muzio, 40 Conn. Sup. 512, 514,516 A.2d 160 (1986), affirmed, 14 Conn. App. 212, 540 A.2d 1063, cert denied, 208 Conn. 809, 545 A.2d 1105 (1988). In this regard, the record does contain substantial evidence supporting the suspension decision. This evidence, which includes the written report prepared by the police in accordance with 14-227b(c) and the testimony given at the administrative hearing held on June 18, 1992, discloses the following:
On May 30, 1992, at approximately 1:30 a.m., Patrolman Mark Buckley of the New Milford Police Department, observed the plaintiff's automobile travelling eastbound on Bridge Street in New Milford. (Police Report). The car veered into the left turn lane and turn onto Main Street without signalling. (Id.) The patrolman stopped the vehicle and detected the odor of an alcoholic type beverage on the plaintiff's breath. (Id.) The plaintiff had glassy eyes and her speech was mumbled. (Id.) The plaintiff failed six field sobriety tests. (Id.)
The plaintiff was placed under arrest and was transported to the police station. The patrolman asked her to submit to a chemical analysis of her urine, but she wished to contact an attorney first. Although unable to contact an attorney, she was able to contact her father. The plaintiff then consented to take the test, but when asked by the officer to submit she stated that she had already used the bathroom when she was placed in the cell because she was not going to submit to the tests. After being able to contact an attorney, the plaintiff testified:
 . . . I was thinking about contacting another attorney or submitting to another test. So the Officer left, and about twenty minutes went by and I saw him again. I had decided I was going to submit to the test, and this time I was trying to bring up a sample, physically bring up a sample. Twenty minutes later the officer came back, asked me if I was going to submit and I said that I would, but I could not physically perform at the time. I asked for a few more minutes and the officer said that my time was up and that would be put down as a refusal. And at this time he informed me what a refusal involved and told me I would be released. I asked again several times if I could be given a few more minutes and it was refused to me to have more time.
CT Page 10715
Although the plaintiff apparently said that she would take the test verbally, physically she could not perform it. It was not that she was incapable of urinating; by her own testimony, after the patrolman requested that she submit to an analysis of her urine, she proceeded to use the bathroom. She then contended, for at least forty minutes after saying she would take the test, that she was incapable of performing. Any inability to urinate after the plaintiff consented to a test was caused by her own voluntary act and not any physical disability. See Dorman v. Del Ponte, 41 Conn. Sup. 437, 440.
The plaintiff attempts to distinguish this case from Angel Rivera v. State of Connecticut, Department of Motor Vehicles, (No. CV 90 0054564S, J.D. of Litchfield, Pickett, J.), by claiming that in the instant case she never stated that she would not take the test. That, however, ignores the holding of the Rivera case, which the plaintiff has characterized in her brief as "a refusal to submit to testing may be evidenced not only by an express refusal, but may be found from the totality of the surrounding circumstances."
Here, although the plaintiff said yes, she could not perform. In fact she chose to urinate, after the patrolman asked her to submit to an analysis of her urine, thereby creating the situation of which she now complains. To uphold the plaintiff's appeal in this matter would allow an intoxicated driver to avoid the mandates of Conn. Gen. Stat.14-227b(a) by simply saying yes to the test and then refusing to cooperate with the arresting officer in the administration of the test. Such a position is not upheld by this court in the Rivera case, and is upheld here.
For the foregoing reasons, the decision of the defendant is sustained and the plaintiff's appeal is dismissed.
PICKETT, J.