[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10874
The petitioner/plaintiff, Gary Baker (hereinafter "plaintiff"), has filed the instant appeal in the Superior Court seeking judicial review of a decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of six (6) months in accordance with the administrative license suspension provisions of Connecticut's implied consent law. Conn. Gen. Stat. Sec. 14-227b.
The facts of this case are accurately recited in the parties briefs and there is no substantial disagreement as to what happened. The plaintiff contends that the sole issue in this appeal is whether there is sufficient evidence on the entire record to support the finding of the Department of Motor Vehicles hearing officer that the plaintiffs was operating the motor vehicle.
In a case that involves an appeal from a license suspension decision of the Commission of Motor Vehicles "[i]t is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion." Demma v. Commissioner of Motor Vehicles, 165 Conn. 15,16-17, 327 A.2d 569 (1973). See also, Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 570,345 A.2d 520 (1973); Firestone Tire Rubber Co. v. Commissioner of Motor Vehicles, 165 Conn. 10, 11, 327 A.2d 573 (1973).
Judicial review of the Commissioner of Motor Vehicles' actions in suspending an operator's license under Conn. Gen. Stat. Sec. 14-227b
is governed by the Uniform Administrative Procedure Act (UAPA), Conn. Gen. Stat. Sec. 4-166 et. seq., and the scope of that review is very restricted. Buckley v. Muzio, 200 Conn. 1,509 A.2d 489 (1986). Thus, for example, it is not the function of the court to retry the case or to substitute its judgment for that of the commissioner. Buckley v. Muzio, supra; C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864
(1978). Rather, "[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence. . .which reasonably supports the decision of the commissioner, . . . [the court] cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975). See also, Madow v. Muzio, 176 Conn. 374, 407 A.2d 997 (1978); Clark v. Muzio, 40 Conn. Sup. 512, 516 A.2d 160 (1986), affirmed,14 Conn. App. 212, 540 A.2d 1063, cert denied, 208 Conn. 809, CT Page 10875545 A.2d 1105 (1988).
In order to be entitled to relief under the UAPA, the plaintiff bears the heavy burden of proving that substantial rights possessed by him were prejudiced because the administrative decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, or arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. See Conn. Gen. Stat. Sec. 4-183(j); Lawrence v. Kozlowski, 171 Conn. 705, 372 A.2d 110 (1976), cert denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). On the other hand, "[i]f the administrative determination of [the four issues requiring suspension of the plaintiff's operator's license under the implied consent law] is reasonably supported by the evidence in the record, it must be sustained. Clark v. Muzio, supra. Here, there is substantial evidence in the record supporting the determination that plaintiff met the suspension criteria listed in Sec. 14-227b(f).
The evidence considered by the hearing officer was the uncontested written reports properly submitted as the State's Exhibit A. The face page of the A-44 from State's Exhibit A contains Police Office Skoog's signature under oath with penalty of false statement as required by Conn. Gen. Stat. Sec. 14-227b(c) and witnessed by Police Sergeant Thaney.
These reports by Officer Skoog disclose the following:
The plaintiff described to Officer Skoog his motor vehicle operation in a traffic accident and admitted that he was the operator of one of the motor vehicles.
The plaintiff submitted to Officer Skoog insurance information confirming that he was the owner of said motor vehicle.
The plaintiff was the sole occupant in his motor vehicle at the scene of the accident.
The plaintiff stated to Officer Skoog the same details about the traffic accident as the other driver, Lynn Vitale. This agreement between drivers on how the accident took place confirmed the plaintiff's own admission to operation of said motor vehicle.
The plaintiff was arrested and a quantity of marijuana was found in his car. It was at this point that the plaintiff denied CT Page 10876 he was operating. It is apparent that the hearing officer credited the plaintiff's first statement and gave no weight to his second self serving statements.
It is well settled law that the weight to be given to conflicting evidence and the determination of factual issues are matters within the province of the administrative agency and if there is evidence which reasonably supports the decision of the Commissioner, the court cannot disturb the conclusions reached by him. Lawrence v. Kozlowski, supra 707-708.
This court based on an examination of the entire record finds that there was substantial evidence on the whole record to support the decision of the hearing officer.
The plaintiff's secondary argument that the signed and sworn signature of the arresting officer in Section H of the A-44 Form applies only to that section and therefor leaves all the other sections unsworn is without merit. The notion that because the attached supplemental narrative was sworn in accordance with Conn. Gen. Stat. Sec. 1-24(13) and therefor the denial of operation contained in that report is more reliable and probative is without any support in law or logic. It is apparent that the oath of Section H of the A-44 Form applies to the entirety of the report. The hearing officer's reliance on the first admission of operation was warranted based upon the evidence properly admitted.
All of the claims of the plaintiff are without merit and his appeal is therefor denied.
O'KEEFE, J.