[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed the instant appeal in the Superior Court seeking judicial review of a decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of 90 days in accordance with the administrative license suspension provisions of Connecticut's Implied Consent Law, Conn. General Statutes § 14-227b.
The plaintiff argues that the decision of the Commissioner should be reversed because the initial stop of the plaintiff's motor vehicle by the police was illegal.
This court may not try the case de novo, adjudicate facts or substitute its own discretion for that of the agency.
On an appeal such as this, the plaintiff has the burden of proving that the hearing officer, on the facts before him, acted contrary to law and in abuse of discretion. Demma v. Commissionerof Motor Vehicles, 165 Conn. 15, 16-17 (1973). See also Conn. General Statutes § 4-183 (j).
The plaintiff claims she did not commit a moving violation in violation of C.G.S. § 14-242, Improper Turns. Although two inconsistent conclusions could be drawn from the evidence, this does not prevent the administrative agency's finding from being supported by substantial evidence.
This court must defer to the hearing officer's assessment of credibility of the witnesses (the police officer and the plaintiff) and to the hearing officer's right to believe or disbelieve the evidence presented.
Although this court would disagree with the hearing officer's decision that in fact the plaintiff made an improper turn in violation of § 14-242 C.G.S. to justify the stop, this court cannot try the case de novo or substitute its own discretion for that of the hearing officer. CT Page 2997
The hearing officer has determined the issues of fact. Based on the sworn police officer's testimony, there was a sufficient evidence basis from which the hearing officer could determine and find that the plaintiff had made an improper turn, giving rise to a legal stop of the plaintiff's motor vehicle by the police officer.
While § 14-242 C.G.S. may not have fitted the plaintiff's operation, in this case the plaintiff's driving, that is, her looping in and out quickly in an unsafe manner at the crossover, as testified to by the trooper, did create a reasonable and articulable suspicion to warrant the stop.
The officer testified it was the unsafe turn which caught his eye. She "looped around quickly in an unsafe manner." This caught the officer's attention and he was going to stop her right away for that, according to the officer's testimony.
A reasonable and articulable suspicion could have arisen as a result of the plaintiff's manner of driving the motor vehicle, giving rise to warrant the stop.
The appeal is dismissed.
Coppeto, J.