[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the decision of the defendant Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle operator's license in accordance with the administrative license suspension provisions of Connecticut's implied consent statute (Connecticut General Statutes § 14-227b). The basis for the suspension was the plaintiff's refusal to submit to a urine test after he had taken a breath test which resulted in a BAC reading of .014, which was well below the legal limit of .10.
The plaintiff alleged and the defendant admitted that a suspension hearing was held, and as a result, the hearing officer ruled against the plaintiff and his license was suspended for a period of one year. The plaintiff is found to be aggrieved.
The plaintiff was initially stopped on June 7, 1997 at approximately 2:00 A.M. because he was seen by a police officer operating his motor vehicle without lights. He also drove his vehicle into the parking lot of a convenience store through the clearly marked exit only side of the parking lot. When stopped by the police officer his eyes were glassy and bloodshot and he had a strong odor of alcohol on his breath. He did not satisfactorily perform field sobriety tests, including the horizontal gaze, walk-turn and one leg stand. A search of the vehicle incident to the plaintiff's arrest turned up a prescription container in the glove box with trace amounts of marijuana which the plaintiff admitted belonged to him. There were no signs, however, of recent marijuana use, such as odor in the vehicle. The plaintiff did, however, say he was in the company of others earlier in the evening who were smoking marijuana. The plaintiff was arrested for operating under the influence of intoxicating liquor and/or drugs.
The plaintiff does not claim the police officer lacked probable cause to make an arrest or to ask him to submit to a chemical test. His claim is that once he passed the first breath test, the police officer did not have reasonable cause to request he submit to a second different test. He argues that §14-227a(c)(5) requires more than merely passing the first breath test (which does not test for unlawful drugs).
In relevant part § 14-227a(c)(5) provides that:
 [I]f requested by the police officer for reasonable cause, an additional chemical test of a different type was performed to detect the presence of a drug or CT Page 3887 drugs other than or in addition to alcohol . . . .
In an administrative appeal the question is whether the decision of the hearing officer is clearly erroneous in view of the reliable, probative and substantial evidence on the record.Havican v. Commissioner of Motor Vehicles, No. CV 94-121242, (Feb. 28, 1996) (Malone, J.); Demma v. Commissioner of MotorVehicles, 165 Conn. 15 (1973).
The court concludes the decision of the commissioner in this case was not clearly erroneous and finds the issues in favor of the defendant.
The reason given by the arresting officer for requesting the second chemical test was "my observations of his driving and his performance on the field sobriety test led me to believe that he was under the influence of either alcohol and other drugs; so when the alcohol breath test came back low, I then proceeded with another test . . . And when the alcohol breath test came back I proceeded with the urine test to test the sample for marijuana use."
Here the evidence establishes the defendant was not operating his vehicle while in full control of his faculties. He was operating without headlights at 2:00 A.M. and entered a parking area through a marked exit lane. He did not satisfactorily perform field sobriety tests. There was marijuana residue in the vehicle and he admitted being in the company earlier of people who were smoking marijuana. The police officer was not required to accept his statement that the plaintiff had not smoked any himself. In light of all these facts, it was reasonable for the officer to request a urine test when the breath test for alcohol did not indicate a violation.
The conclusion of the court is consistent with the legislative history of § 14-227a(c)(5) cited by the defendant quoting Senator Aniskovitch as follows:
 It would add a second, or additional test to the blood and urine test, the chemical tests that are permitted to be administered after a person is taken into custodial arrest, to test for non-alcohol substances, when the first test was shown no blood alcohol that violates the law, but the person is still visibly impaired. 39S. Proc. 1995 Sess. p. at 3933.
CT Page 3888
For the foregoing reasons the plaintiff's appeal is dismissed.
KLACZAK, J.