[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Guy Michaud, filed this appeal on May 9, 1990, seeking judicial review of a decision of defendant, the Commissioner of Motor Vehicles, in which the Commissioner, pursuant to General Statutes 14-227b, ordered the suspension of appellant's motor vehicle operator's license for a period of ninety days. Plaintiff appeals on the ground that the hearing officer's decision was illegal, unreasonable and an abuse of discretion because the police report that was submitted into evidence was incomplete, failed to set forth probable cause and did not establish operation.
The record reveals the following facts. On March 18, 1990, plaintiff was arrested for operating a motor vehicle while under the influence of intoxicating liquor. (Record Item #1: Police Report Form A-44) (hereinafter "A-44 Form"). Plaintiff was informed of the chemical alcohol test requirements, and he agreed to submit to intoximeter tests. (Record Item #1: Form A-44). Two tests were administered: the initial test revealed that the ratio of alcohol in plaintiff's blood was .212, and the second test indicated that the ratio was .204. (Record Item #1: A-44 Form).
The Department of Motor Vehicles received a copy of the report on March 22, 1990, (Record Item #1: A-44 Form; Record Item #6: Transcript, p. 4), and plaintiff was notified that his license would be suspended for ninety days due to his failure to pass the chemical alcohol test. (Record Item #3: Suspension Notice). Plaintiff was also informed that he was entitled to request a hearing on the matter, and, through counsel, he requested a hearing, which was conducted on April CT Page 5-B 11, 1990. (Record Item #3: Suspension Notice; Record Item #4: Letter from Attorney Carmen V. Spizzoucco). At the hearing, the A-44 Form was offered into evidence, and, over plaintiff's objection, a supplemental narrative police report was also accepted into evidence (hereinafter "Supplementary Police Report"). (Record Item #6: Transcript, p. 5).
Following the hearing, the hearing officer made the following findings of fact and conclusions of law:
1. The police officer had probable cause to arrest the above-named operator for a violation specified in Section 1 of Public Act 89-314.
2. The operator was placed under arrest.
3. The operator submitted to the test or analysis and the results indicated at the time of the offense a BAC of .10 or more.
4. Said person was operating the motor vehicle. (Record Item #7: Hearing Officer's Decision).
Pursuant to the decision, plaintiff's operator's license was suspended for a period of ninety days, and plaintiff appeals from this decision. On October 30, 1992, a hearing was conducted before this court, and the matter has been fully briefed.
An appeal to a court from a decision of an administrative agency exists only under statutory authority. (Citations omitted). Killingly v. Connecticut Siting Council,220 Conn. 516, 521, 600 A.2d 752 (1991). In order to take advantage of a statutory right of appeal, it is necessary to comply strictly with the statutory provisions that create the right, (citations omitted), Citizens Against Pollution, 217 Conn. 143,152, 584 A.2d 1183 (1991), and failure to comply strictly with such statutory provisions will subject an appeal to dismissal. Killingly v. Connecticut Siting Council, supra, 522.
General Statutes 4-183(a) to (m) govern an appeal of an agency decision to the superior court. Section 4-183(a) authorizes an appeal when an individual has exhausted all available administrative remedies within the agency and when the individual is aggrieved by a final decision.
A copy of the appeal must be served on the agency that rendered the final decision, and filed with the clerk of CT Page 5-C the superior court, within 45 days after the final decision has been mailed or personally served. General Statutes 4-183
(c). A copy of the appeal shall also be served, within the 45-day period, on each party listed in the final decision at the address indicated in the decision; although failure to make service within the forty-five day period on parties other than the agency that rendered the final decision will not deprive the court of jurisdiction over the appeal. Id. General Statutes 4-183(d) provides that, not later than fifteen days after filing the appeal, the appellant must file, or cause to be filed, proof of service with the clerk of the court, or if service was not made on a party, the reason for the failure to make service.
In the instant case, the hearing officer rendered her decision on April 12, 1990. The sheriff's return indicates that service of the "original writ, summons, notice and complaint" was made on April 21, 1990 to the Registration Examiner, who accepted serviced for defendant, Lawrence DelPonte, Commissioner of the Department of Motor Vehicles. A copy of the civil summons sheet, the appeal and the sheriff's return was file-stamped by the clerk's office on May 9, 1990.[1]
Accordingly, plaintiff complied with the statutory provisions governing service of process and timeliness.
Judicial review of the Commissioner of Motor Vehicle's actions is governed by the Uniform Administrative Procedure Act. Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489
(1986) (citing General Statutes 4-166 through 4-189), and suspension of a driver's license constitutes an adverse effect upon a specific, personal and legal interest sufficient to satisfy the aggrievement requirements of General Statutes 4-183
(a). (Citation omitted.) Tarascio v. Muzio, 40 Conn. Sup. 505,507, 515 A.2d 1082 (1986). Accordingly, plaintiff in the instant appeal is aggrieved and is properly before this court.
The commissioner's actions are subject to a restricted scope of review. Buckley v. Muzio, supra, 3. See also Lawrence v. Kozlowski, 171 Conn. 705, 707-08,372 A.2d 110 (1976), cert. denied 431 U.S. 969 (1977). The court may not substitute its judgment for that of the commissioner, nor may it retry the case. (Citations omitted). Buckley v. Muzio, supra, 3. The court's duty is only to decide, in light of all the evidence, whether the commissioner has acted unreasonably, arbitrarily, illegally, or in abuse of his discretion. CT Page 5-D (Citations omitted.) Id.
The substantial evidence rule is analagous to the standard applied in judicial review of jury verdicts, i.e. the "`sufficiency of the evidence' standard." Lawrence v. Kozlowski, supra, 713. The evidence is sufficient to sustain the agency's finding if it offers a "`substantial basis of fact from which the fact in issue can be reasonably inferred. . . .'" (Citations omitted.) Id.
"The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . ." Lawrence v. Kozlowski, supra, 708, and the plaintiff "has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion." (Citations omitted.) Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17,327 A.2d 569 (1973). "[I]f the decision of the commissioner is reasonably supported by the evidence it must be sustained," (citations omitted), id., 17; however, administrative agencies are not bound by strict rules of evidence, and "may consider exhibits which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." Lawrence v. Kozlowski, supra, 710. There is "no specific prohibition against hearsay evidence in the Uniform Administrative Procedure Act (UAPA), which provides that `[a]ny oral or documentary evidence may be received, but [that] the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial and unduly repetitious evidence.'" (Citations omitted.) Casella v. Civil Service Commission,4 Conn. App. 359, 362, 494 A.2d 909 (1985), aff'd 202 Conn. 28,33 (1987).
Plaintiff appeals on the following grounds:
The decision of the Adjudicator, as herein set forth is illegal, unreasonable and an abuse of discretion for the following reasons:
 a. The decision failed to comply with Public Act 89-314(c) in that the report (A-44) did not set forth the grounds for the officers [sic] belief that probable cause existed for arrest for operating a motor vehicle while under the influence, in that on the face of the A-44 form, it is indicated that no field sobriety or CT Page 5-E road side tests were ever given to the Appellant.
 b. The decision failed to comply with Public Act 89-314(f)(4), in that the arresting officer on the A-44 form did not establish operation.
(Plaintiff's Appeal, para. 6(a), (b)).[2]
Defendant observes that the evidence submitted at the motor vehicle department hearing, (the Officer's DWI Arrest and Alcohol Test Refusal or Failure Report (A-44 Form), and the Middletown Police Department Supplementary Report), substantially supports the suspension decision. Defendant emphasizes that even if the Supplementary Police Report is disregarded, the A-44 report fully supports the hearing officer's determination regarding probable cause and the identify of the vehicle's operator. (Defendant's Memorandum, pp. 14-16).
General Statutes 14-227b(a) provides in pertinent part that "[a]ny person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." The statute also mandates that when an individual has been arrested for operating a motor vehicle while under the influence of an intoxicating liquor, or drug, the police officer must prepare a written report of the incident which must "be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in 53a-157
by the police officer . . . who administered or caused to be administered such test or analysis." General Statutes 14-227b(c). The statute further dictates that "[t]he report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person . . . for operating a motor vehicle while under the influence of intoxicating liquor . . . and shall state that such person submitted to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight." Id.
Following a license suspension, the statute provides for a hearing before the commission, however, the hearing is limited to a determination of our issues: "(1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor . . . while his ability was impaired by the consumption of intoxicating liquor; (2) was such person placed CT Page 5-F under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle." General Statutes 14-227b(f). "If, after such hearing, the commissioner finds on any one of the said issues in the negative, the commissioner shall reinstate such license or operating privilege." General Statutes14-227b(g).
Probable cause to arrest is established "When the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested had committed an offense." (Citations omitted.) Clark v. Muzio, 40 Conn. Sup. 512,514, 516 A.2d 160 (1986). An arresting officer is permitted "to rely upon all of the factual circumstances that have been brought to his attention, including those based upon his own subsequent personal observations of the suspect which may serve to supplement and confirm the `speedy information' that he has received from other persons." (Citations omitted.) Id. 515.
In addition, "[a] police officer who does not actually see the operation of a vehicle, or an accident in which it was involved, may nevertheless have probable cause to arrest a person for driving the vehicle while under the influence of intoxicating liquor based upon statements made by those who saw him operate the vehicle supplemented by the officer's own subsequent observations of the operator and his fitness to operation." (Citations omitted.) Clark v. Muzio, supra, 515-516.
In the instant case, a review of the A-44 Form reveals that the arresting officer, Officer DiProto, complied with the statutory requirements by adequately setting forth the grounds for his belief that there was probable cause to arrest, and that he sufficiently established the operator's identity.
The officer indicated on the A-44 that his attention had been directed to plaintiff's vehicle by a call from Officer Dapkus, a police officer from Portland. Officer DiProto personally observed plaintiff, and he noted that plaintiff "was unsteady while exiting his vehicle," and that he "had to hold onto [the] car for balance." In addition, plaintiff had "to steady himself" as he walked to the rear of his vehicle, and the officer observed that plaintiff's eyes were red, CT Page 5-G glassy and partially closed, his speech was slurred, and the officer detected a "heavy odor of alcoholic beverage." Finally, in the section entitled "Probable Cause to Arrest," Officer DiProto checked the informational boxes entitled "Odor of Liquor on Operator's Breath," and "Failed Field Performance (Sobriety Tests." Further, Officer DiProto established operation by indicating that plaintiff "was observed operating and was the only person in the vehicle."
Accordingly, the hearing officer's decision was "reasonably supported by the record." Demma v. Commissioner of Motor Vehicles, supra, 17.
Plaintiff argues that the hearing officer improperly accepted the Supplementary Police Report into evidence. Although this claim does not appear on the face of plaintiff's appeal, plaintiff asserts this claim in his memorandum of law.
Plaintiff fails to cite case law in support of this proposition, although he does cite to the proper statutory authority, General Statutes 14-227b. In his memorandum, plaintiff argues that "the Commissioner's representative erred in considering a report that established operation by [plaintiff] which report was not approved of by the Motor Vehicle Commissioner and was not signed and sworn to by the arresting officer," (Plaintiff's Memorandum, p. 2-3). Plaintiff also states that at the motor vehicle department hearing, "the Hearing officer allowed into evidence, over objection, a portion of a police report that established not only probable cause for the Plaintiff's stop in his motor vehicle, but said report also established that he was operating," (Plaintiff's Memorandum, p. 3), although plaintiff observes that "[s]aid portions of that report were not signed under oath and were not on forms that were approved by the Motor Vehicle Commissioner (see documents listed as `Supplemental Report')." Id.
In addition, plaintiff had objected to the admission of the Supplementary Police Report during the motor vehicle department hearing; however, the hearing officer overruled the objection, and noted plaintiff's exception for the record. (Record Item #6: Transcript, pp. 4-5). Plaintiff also raised the issue at the October 30, 1992 hearing before this court.
Claims that are not briefed are considered abandoned. Esaw v. Friedman, 217 Conn. 553, 554 n. 1,586 A.2d 1164 (1991) (plaintiff's claim of improper jury instructions deemed abandoned for failure to brief); Cohen v. Security Title Guaranty Co., 212 Conn. 436, 437 n. 1, 562 A.2d 510
(1989) (assignments of error that are merely mentioned, but that are not briefed beyond a mere statement of the claim, are CT Page 5-H considered abandoned and will not be reviewed by the court); Brown v. Employer's Reinsurance Corporation, 206 Conn. 668,674 n. 5, 539 A.2d 138 (1988) (court refuses to address plaintiff's laches claim because plaintiff neglected to brief the issue); Hartford National Bank Trust Co. v. Tucker,195 Conn. 218, 219 n. 1, 487 A.2d 528 (1985), cert. denied,474 U.S. 845 (1985) (errors that were assigned on appeal, but that were not argued in defendant's brief, will be treated as abandoned); A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 183, 355 A.2d 91 (1974) (assignments of error that are not briefed are considered abandoned).
In addition, "waiver may also result where an issue is merely mentioned but not briefed beyond a bare assertion of the claim." C. Tait, Connecticut Appellate Practice and Procedure, section 4.7(3) (1992). See, e.g., Cohen v. Security Title Guaranty Co., 212 Conn. 436, 437 n. 2, 562 A.2d 510
(1989) (assignments of error that are only mentioned, but that are not briefed beyond a mere statement of the claim are considered abandoned, and will not be reviewed by the court); Hayes v. Smith, 194 Conn. 52, 66 n. 12, 480 A.2d 425 (1984) (court refuses to discuss plaintiff's due process claim because she merely asserted a due process violation and only "referred to article first, [section] 10 of the Connecticut constitution.").
However, plaintiff objected to the admission of the Supplementary Police Report during the motor vehicle hearing, and he raised the issue again during the hearing before this court. Plaintiff's memorandum of law does not cite any supporting case law, although he does cite to the proper statutory authority. The court finds that plaintiff's earlier objection during the hearing effectively preserved this issue for appeal and that he sufficiently developed the claim in oral argument. The court finds that plaintiff has not abandoned this claim. See Hayes v. Smith, supra, 66 n. 12.
As indicated, supra, the following evidence was introduced at the motor vehicle department hearing: an A-44 Form report ("Officer's DWI Arrest and Alcohol Test Refusal or Failure Report), and a Form 2 MPD-3M-Y Report ("Middletown Police Department Supplementary Report).
Plaintiff maintains that "on the reports that could have been considered by the Commissioner or his representative [i.e., Form A-44], probable cause and operation by the arresting CT Page 5-I officer were not established." (Emphasis in original.) (Plaintiff's Memorandum, p. 2).[3] Plaintiff concedes that the Supplementary Report establishes probable cause and operation, but that it was improperly allowed into evidence because it was not on a form that was approved by the Commissioner and it was not signed under oath. (Plaintiff's Memorandum, p. 3).
Defendant responds that the arresting officer has "the responsibility to report, inter alia, `the grounds for the officer's belief that there was probable cause to arrest. . . [the plaintiff for] . . . operating a motor vehicle while under the influence of intoxicating liquor or any drug or both . . . ." (Defendant's Memorandum, pp. 14-15) (citing General Statutes 14-227b(c). Defendant contends that the Supplementary Police Report does conform to the statutory requirement of General Statutes 14-227b(c), and that "it provides the scope of background information regarding a test refusal/failure that is contemplated by the statute." (Defendant's Memorandum, p. 17).
As indicated, supra, General Statutes 14-227b(c) provides that a "police officer shall prepare a written report of the incident . . ." and, "[t]he report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement. . . ."
In the present case, the Supplementary Police Report is a narrative account of the events surrounding plaintiff's arrest, and this supplemental report merely expands upon the information that Officer DiProto had indicated on the A-44 Form. For example, the Supplementary Police Report describes the pre-arrest encounter between the Portland patrol officer, and the manner in which Officer DiProto was summoned to the scene. The report further details the encounter between plaintiff and officer DiProto. In addition, the officer offers a detailed description of the field tests that were administered and the results of said tests.[4] (See Record Item #1: Supplementary Police Report).
Coman v. State, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 702813 (April 13, 1992), is analogous to the case at bar. The plaintiff in Coman, appealed from a license suspension, and he argued that extra pages of narrative, that had been attached to an A-44 form, had been improperly admitted into evidence because each of the narrative pages had not been separately executed by the CT Page 5-J police officer under oath. The A-44 form in Coman contained instructions that provided that additional explanatory sheets should be attached if necessary, and such attachments would be considered part of the report and were approved by the Commissioner. The court observed that the face page of the A-44 form contained the officer's signature under penalty of false statement, each of the attached narrative pages bore the signatures of the arresting officer and his supervisor, and the narrative portion had the same date as the A-44 form. The court, noting that plaintiff's only objection was that each page was not sworn to, emphasized that there was "no requirement in the statutes, regulations or case law for such a precaution, and common sense indicates that it would be, at most, an empty formality." Id.
Although the A-44 Form in the instant case does not contain the instructional paragraph found on the A-44 form in Coman the court's reasoning in Coman is persuasive. In the case at bar, the A-44 Form has been sworn to by Officer DiProto, and each of the narrative pages has been signed by Officer DiProto, as investigating officer, and by his supervisor. In addition, the narrative report and the A-44 Form bear the same date and the same case number. Accordingly, the narrative portion of the report, as a mere supplement to the A-44 Form, was properly admitted into evidence at the hearing below, and requiring each supplementary page to be sworn to would constitute "an empty formality." Coman v. State, supra.
The hearing officer's decision to suspend plaintiff's license was not illegal, unreasonable, or an abuse of discretion because the decision was reasonably supported by the record. Accordingly, plaintiff's appeal is dismissed.
So ordered,
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT