[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of one year in accordance with the administrative license suspension provisions of Connecticut's implied consent law, Conn. Gen. Stat. § 14-227b, due to plaintiff's refusal to submit to a chemical alcohol test following arrest for driving under the influence of alcohol or drugs.
The facts are as follows. On January 4, 2000, Connecticut State Police Officer Harold N. French, Jr. investigated an accident on 1-395 in Lisbon, Connecticut. His accident report, which was admitted into evidence, reveals that there was heavy rain when he arrived and he CT Page 11723 located no debris on the road surface. However, he observed that vehicle #1 had rear end damage and vehicle #2 had front end damage. The operator of vehicle #1 stated she was proceeding northbound in the right hand lane when she saw vehicle #2 coming fast behind her. She speeded up to avoid being hit but was rear ended. In his accident report, the officer identified the plaintiff as the operator of vehicle #2. Plaintiff reported she was traveling in the northbound lane when vehicle #1 slammed on its brakes. When the officer arrived there were three cars on the right paved shoulder. He directed all persons to return to their cars. A Rhode Island registered vehicle operated by a white male who had stopped at the time of the accident left the scene. The officer spoke to the plaintiff, who was sitting on the passenger side of her vehicle, asking if she was hurt, and she said she was not. He asked the plaintiff whether she was alone in the vehicle and she said she was. The officer smelled a strong odor of alcohol beverage on plaintiff's breath. He asked plaintiff where she was coming from and she said from work in Baltic. She denied having any alcohol, but the officer administered some sobriety tests. One was to follow his finger and the plaintiff was unable to do so. When plaintiff exited her vehicle, she swayed and held on to the car for balance. The officer then arrested her for driving under the influence and transported her to Troop E for further processing.
At the Troop E headquarters, the officer informed the plaintiff of her Miranda rights and informed the plaintiff about the breath test. The plaintiff said she had not been through a DWI arrest before. He told the plaintiff not to place anything in her mouth. During the test the officer reports, "Wolf was unable/unwilling to provide an accurate breath sample. When Wolf was preparing for the next test, I observed an object in Wolf's mouth. Wolf stated that it was Nicorette gum. I directed Wolf to spit that out. I waited approximately thirty minutes. Wolf then stated she didn't know if she wanted to take the test. I told Wolf she was delaying the test and asked her if she had been arrested before and this time she said yes. I told Wolf, based upon her evasive answers and lying to me at the scene, her inability/unwillingness to complete the DWI processing (e.g. breath test) and her stalling for time, she would be considered as refusal. Wolf then stated she should call her attorney and I reminded her she had been given that opportunity earlier (approximately 22:28 hours). Wolf told me she did not remember that and she was now unsure about taking the test. "I told Wolf I considered all her actions a refusal."
Wolf was then arrested for driving under the influence.
The intoxilyzer/alcohol analyzer test reports indicate one was conducted of the plaintiff on January 4, 2000 at 22:48 hours and noted to be an invalid test, "subject refused to continue", and in handwriting CT Page 11724 "blew into the machine." A test was conducted at 22:56 hours on which was noted "insufficient sample."
A suspension notice was sent to the plaintiff on January 13, 2000 on the ground of her "refusing to take the chemical alcohol test." The hearing on suspension was held on February 25, 2000 before Attorney Gail Kotowski as hearing officer at which plaintiff and her attorney, Donald Beebe appeared. At the hearing the plaintiff testified that on the night of the accident she had smoked fifteen cigarettes and five or six cigars. She testified "if I had been smoking like that after not smoking for a while, my lungs would close right up." She stated that that is what happened that night. She also testified that while she was blowing into the machine she was coughing. Her attorney introduced into evidence a letter from plaintiff's doctor, Dr. Marlene Schwartz, in which the doctor stated that the plaintiff's difficulty in performing the intoxilyzer "could have been due to . . . (1) acute severe broncho spasm triggered by the cigar/cigarette she smoked immediately prior to her accident; (2) coughing triggered by the required forced expiratory maneuver; (3) acute anxiety in encountering law enforcement authorities."
The hearing officer rendered a decision on February 28, 2000 in which she made findings of fact that: (1) the police officer had probable cause to arrest the plaintiff; (2) the plaintiff was placed under arrest; (3) the plaintiff refused to submit to the test or analysis and (4) the plaintiff was operating the motor vehicle. On the issue of refusal, the hearing officer found that the plaintiff attempted to provide the first sample and was not able to provide sufficient breath. The hearing officer stated, "This may or may not have been due to her `smoking binge', as she testified to. The first test is not the issue with respect to the refusal, the second test is. After the first sample, the respondent began to delay the process, waivered [sic] whether to contact an attorney (despite having been given an earlier opportunity), and would not assent to the second sample. The officer advised her that her delaying as well as her untruthfulness would be taken as a refusal and she declined to assent to the second sample." The hearing officer found plaintiff's excuse based on her medical condition unpersuasive and that "[t]he police officer properly deemed the [plaintiff's] delaying tactics as a refusal." Her decision was to suspend the plaintiff's Connecticut license for one year.
The plaintiff timely appealed and the court finds that she is statutorily aggrieved.
The standard of review in a case of this nature is governed by the Uniform Administrative Procedures Act, Conn. Gen. Stat. § 4-66 et seq. The function of the court is not to retry to case or to substitute CT Page 11725 its judgment for that of the commissioner. Buckley v. Muzzio, 200 Conn. 1,3 (1986). "[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and if there is evidence . . . which reasonably supports the decision of the commissioner . . . the court cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of MotorVehicles, 168 Conn. 587, 589 (1975). To prevail on this appeal the plaintiff must establish that the decision to suspend her operator's license is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Section 4-183(j)(5). The court here must determine whether or not there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusions drawn from those facts are reasonable. Dolgnerv. Alander, 237 Conn. 272, 280 (1996).
The plaintiff asserts two grounds for her appeal: (1) the evidence was insufficient to support the finding of the plaintiff's operation of the vehicle; (2) the evidence was insufficient to support plaintiff's refusal to take the breath test.
On the issue of operation, the record reveals the persons at the accident scene were directed by the officer to return to their cars. The plaintiff returned to her car and she was the only one in the car. She told the officer that at that time she was returning from work. In the officer's accident report he identified the plaintiff as the driver of her vehicle.
In the recent case of Murphy v. Commissioner of Motor Vehicles,254 Conn. 333 (August 22, 2000) the Supreme Court noted that operation is determined on a case-by-case basis and is a factual determination, rather than a question of law. As the court stated, "In addition, there is no requirement that the fact of operation be established by direct evidence. On the contrary, our case law clearly establishes that sufficient evidence justifying the commissioner's determination of probable cause may be found where `the totality of the circumstances existing at the time of the plaintiff's arrest support[s] such a finding'". (at page 345)
In this case, applying the standard of the totality of circumstances, the court determines there is a substantial evidence in the record to support the hearing officer's findings of fact that the plaintiff was operating the vehicle shortly before the police officer arrived.
On the issue of plaintiff's refusal to take the breath test, the law is clear that failure "to provide an adequate breath sample does not automatically constitute a refusal within the meaning of § 14-227b." CT Page 11726Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702, 714
(1997). The refusal to take the test must be supported by substantial evidence and the conclusory statements by the arresting officer does not constitute such evidence. Id.
Here the evidence, as recited above, is that the plaintiff did not expressly refuse to take the test. After the officer told the. plaintiff to spit out the gum, she said, "she didn't know whether she wanted to take the test." After the officer told the plaintiff she had already had the opportunity to call her attorney, she said, "she was not sure about taking the test." Plaintiff's comments do not clearly indicate a refusal. Moreover, the intoxilyzer reports show the plaintiff took the test twice.
The officer inferred plaintiff's refusal from her lying to him about having been previously arrested for DWI. Her lying is irrelevant and cannot be the basis for a finding of refusal.
The officer also inferred plaintiff's refusal from her stalling, particularly about wanting to see an attorney. But she never said she would not take the test until she spoke to a lawyer, thus distinguishing this case from Altschul v. Commissioner of Motor Vehicles,53 Conn. App. 391, 394 (1999).
Most significantly, the officer made an ambiguous and inconclusive determination as to whether the plaintiff's failure to complete the test was due to her "inability/unwillingness." Testimony of the officer was needed to clear up this ambiguity and it was not provided. Thus, "the hearing officer never made a finding that the plaintiff intentionally failed properly to perform the test." Dorman v. DelPonte,41 Conn. Sup. 437, 442 (1990), quoted in Bialowas v. Commissioner ofMotor Vehicles, supra, 715 (1997).
The hearing officer indicated that the plaintiff's first attempt may have been due to her "smoking binge" and was not the issue. As for the second test, the hearing officer found the plaintiff "waivered [sic] whether to contact an attorney (despite being given an earlier opportunity) and would not assent to the second sample. The officer advised her that her delaying as well as her untruthfulness would be taken as a refusal and she declined to assent to the second sample."
The hearing officer's conclusions are not supported by substantial evidence. The record clearly indicates the plaintiff did not refuse to take the test. She took it twice. Her wavering as to whether to contact a lawyer in and of itself did not constitute a refusal to take the test. The police officer's inferences based on plaintiff's untruthfulness, CT Page 11727 adopted by the hearing officer, is insubstantial and invalid.
On the record here, the court determines there is insufficient evidence to support the decision of the hearing officer that the plaintiff refused to take the test, within the meaning of § 14-227b. Bialowas v.Commissioner of Motor Vehicles, supra, 717-718, and that the decision is clearly erroneous in view of the substantial evidence on the record. Section 4-183(j)(5).
The appeal is sustained.
Robert Satter Judge Trial Referee